UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

M.P., by and through his parents and
natural guardians, K. and D.P.,

Plaintiff,

v.

Civ. No. 01-771 (JNE/JGL)
ORDER

Independent School District No. 721,
New Prague, Minnesota,

Defendant.

---

Margaret O'Sullivan Kane, Esq., Center for Education Law, Ltd., appeared for Plaintiff M.P., by and through his parents and natural guardians, K. and D.P.

Marie C. Skinner, Esq., and Charles E. Long, Esq., Rider Bennett, LLP, appeared for Defendant Independent School District No. 721, New Prague, Minnesota.

---

M.P., by and through his parents and natural guardians, K. and D.P., initiated this action against his former school district, Independent School District No. 721 (District), alleging, among other things, claims under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1487 (2000) (IDEA), and Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 701-796 (2000). M.P. asserts that his claims arose when he began to experience increased verbal and physical assaults and discrimination after the District's school nurse disclosed that he was schizophrenic.[1]

On May 14, 2002, the Court granted the District's motion for summary judgment on all claims. *See M.P. v. Indep. Sch. Dist. No. 721,* 200 F. Supp. 2d 1036 (D. Minn. 2002). The Court dismissed the IDEA claim because M.P. failed to exhaust his administrative remedies prior

---

[1] The facts of the case are more fully set forth in the Court's May 14, 2002 Order and the Eighth Circuit Court of Appeals' April 16, 2003 Opinion.

to filing suit given that M.P. enrolled in a school outside the District prior to initiating administrative proceedings. *Id.* at 1039. The Court dismissed the Rehabilitation Act claim because M.P. failed to present any evidence of deliberate indifference. *Id.* at 1042. M.P. appealed parts of the May 14, 2002 Order to the United States Court of Appeals for the Eighth Circuit. On April 16, 2003, the Eighth Circuit issued its decision, affirming the Court's Order with respect to the IDEA claim and remanding the case to this Court with respect to the Rehabilitation Act claim. *M.P. v. Indep. Sch. Dist. No. 721,* 326 F.3d 975, 977 (8th Cir. 2003).

The District then filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6) for lack of subject matter jurisdiction over M.P.'s remaining Rehabilitation Act claim. In the alternative, the District moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, the Court grants the District's motion to dismiss.

## I. DISCUSSION

The Court first turns to the District's motion to dismiss. In order to properly dismiss an action under Rule 12(b)(1), the challenging party must successfully attack the Complaint, either upon its face or upon the factual truthfulness of its averments. *See Osborn v. United States,* 918 F.2d 724, 729-730 (8th Cir. 1990) (discussing the standards to be employed in determining a 12(b)(1) motion). In this case, the District makes a "facial attack" on M.P.'s claims. *See* District's Mem. in Supp. of Mot. For S.J. at 6. Therefore, the Court will restrict itself to considering the face of the pleadings, and M.P. will receive the same protections as he would defending against a motion brought under Rule 12(b)(6). *Id.* at 729 n.6. While a court must generally ignore materials outside the pleadings on a 12(b)(6) motion, it may nevertheless consider materials that are part of the public record or that do not contradict the complaint. *See*

*Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (discussing materials that may be considered for a Rule 12(b)(6) or (c) motion).

The District asserts that the Court does not have subject matter jurisdiction over M.P.'s Rehabilitation Act claim because he failed to exhaust his administrative remedies before filing the claim.[2] The District bases its jurisdiction argument on the IDEA's exhaustion requirements. In general, a court lacks subject matter jurisdiction to hear an IDEA dispute unless a plaintiff has exhausted all available state administrative review procedures prior to filling suit. *See* 20 U.S.C.§ 1415, *amended by* Pub. L. No. 108-446, Dec. 3, 2004, 118 Stat 2647; *Larson v. Int'l Falls Pub. Sch.,* Civ. No. 02-3611, 2002 WL 31108199, at * 3 (D. Minn. Sept. 11, 2002); *Urban v. Jefferson County Sch. Dist. R-1*, 89 F.3d 720, 724-25 (10th Cir. 1996). When a plaintiff brings a claim under another federal statute that protects the rights of children with disabilities, the IDEA exhaustion requirement applies to the extent that the relief sought is also available under the IDEA. 20 U.S.C.§ 1415(l). The only exception to the exhaustion requirement is that a party may circumvent the administrative process if he or she can demonstrate that: (1) exhaustion would be futile; (2) exhaustion would fail to provide adequate relief; or (3) an agency has adopted a policy or pursued a practice of general applicability that is contrary to law. *Megan C. v. Indep. Sch. Dist. No. 625*, 57 F. Supp. 2d 776, 789 (D. Minn. 1999).

---

[2] As an initial matter, the Court has reviewed the District's memoranda submitted in connection with its first summary judgment motion and has determined that the District never raised this argument with the Court in connection with that motion. Moreover, the Court notes that the District also neglected to raise this argument with the Eighth Circuit in connection with M.P.'s appeal. Thus, the Court is sympathetic to M.P.'s frustrations that the District is attempting to relitigate issues that have been previously decided. Nonetheless, because this issue has not been previously raised and decided and because lack of subject matter jurisdiction is never waived, *Chicago, Burlington & Quincy R. Co. v. Willard*, 220 U.S. 413, 421 (1911), the Court must address the District's motion. *See Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998) (noting that jurisdiction be established as a threshold matter is inflexible and without exception).

This Court has previously determined, and the Eighth Circuit has affirmed, that M.P. failed to exhaust his administrative remedies available under the IDEA prior to leaving the District's school and filing suit in this Court. M.P. concedes that§ 1415(l) requires exhaustion of his Rehabilitation Act claim to the extent that it is relates to his IDEA claim. *See* M.P.'s Mem. in Opp. to District's Mot. For S.J. at 16 ("it is only the IDEA and the relatedness of the Section 504 claims to the IDEA that require exhaustion of administrative remedies"); *see also Thompson v. Bd. of the Special Sch. Dist. No. 1*, 144 F.3d 574, 581 (8th Cir. 1998) (discussing the rationale behind exhaustion requirement and dismissing discrimination claims because plaintiff left school prior to requesting a due process hearing); *Dohmen v. Twin Rivers Pub. Sch.,* 207 F. Supp. 2d 972, 988-89 (D. Neb. 2002) (noting that "[i]n essence, the dispositive question generally is whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies"); *Prins v. Indep. Sch. Dist. No. 761*, 24 IDELR 544, at *4-5 (D. Minn. 1997) (reviewing case law concerning exhaustion). Nonetheless, M.P. argues that subject matter jurisdiction exists because his Rehabilitation Act claim seeks relief that is not available under the IDEA and because exhaustion would have been futile. The Court will consider each argument in turn.

**A. Relief Sought**

To ascertain if M.P.'s Rehabilitation Act claim seeks substantial relief that could be available under the IDEA and if he therefore needed to exhaust his administrative remedies prior to filing suit, the Court focuses not on M.P.'s label for his claim but rather on the relief he requests. *See* 20 U.S.C.§1415(l) (noting that "before the filing of a civil action under such laws seeking relief that is also available under [the IDEA]," a plaintiff must exhaust administrative remedies "to the same extent as would be required had the action been brought under [the

IDEA]"); s*ee also Prins*, 23 IDELR 544, at * 6-7 (analyzing the same issue and focusing on the facts underlying plaintiffs' claims and their requested relief). In Count II of his Complaint, M.P. claims that the District discriminated against him in violation of the Rehabilitation Act by "failing to provide M.P. with accommodations in educational environment, failure to timely undertake and investigate allegations of disability discrimination, student-to-student harassment, hostile education environment, disclosing personal, private information, failing to take appropriate and effective remedial measures once notice of harassment was provided." (Compl. ¶ 37.) For this claim, he seeks $500,000 in compensatory damages and the following equitable relief: "training in Section 504 [of the Rehabilitation Act]; ADA, and [Minnesota Human Rights Act (MHRA)]; discipline of educational and administrative professionals; training in reporting and investigation of disability discrimination; development and implementation of disability discrimination policy; letter of apology from District administration; and out-of-pocket expenses related to placement in out-of-district school." *See* Rule 26 Disclosures filed September 2, 2003; *compare with* Compl. at p. 19 (listing requests in prayer for relief for all claims in M.P.'s Complaint).

The Court's review of the relief sought by M.P. reveals that he needed to exhaust his administrative remedies prior to filing suit in federal court. *See* 20 U.S.C. § 1415(e)(2) and (l). First, although compensatory damages are not available for IDEA claims, M.P. cannot avoid the exhaustion requirement by simply requesting $500,000. The crux of M.P.'s claim involves obtaining alternative educational services and preventing future educational problems. As such, this relief is available under the IDEA, despite the fact that M.P. seeks compensatory damages. *See Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1067 (10th Cir. 2002) (noting that the IDEA's exhaustion requirement "will not be excused simply because a plaintiff requests

damages . . . if his alleged injuries could be redressed under the IDEA"). Second, a request to train teachers and staff and to develop and implement a disability discrimination policy is contemplated by the IDEA. *See Prins*, 23 IDELR 544 at * 6-7 (discussing that possible IDEA remedies include "training of teachers" and implementing "system-wide policies"). Third, a request for discipline and a letter-of-apology, while not specifically contemplated by the IDEA, again relate to M.P.'s education and as such, substantial relief may be available under the IDEA. Finally, a request to receive reimbursement for out-of-district educational services is available under the IDEA. *Cf. Sch. Comm. of Burlington, Mass. v. Mass. Dep't of Educ.,* 471 U.S. 359, 369-70 (1985) (concluding that the precursor to the IDEA authorizes such expenses). Thus, because a substantial portion of M.P.'s requested relief is available under the IDEA, M.P. needed to exhaust his administrative remedies prior to filing suit in federal court.

**B. Futility**

M.P.'s failure to exhaust administrative remedies could be excused if doing so would have been futile. *Megan C.*, 57 F. Supp. 2d at 789. The exhaustion requirement is excused on futility grounds only if, *at the time the claims arose*, it would have been futile for a plaintiff to proceed through the administrative process. *Cudjoe*, 297 F.3d at 1067. M.P.'s claim arose while he was enrolled in the District's school, and there is no dispute that he failed to initiate administrative proceedings while he was enrolled in that school. While he makes mention of futility in his opposition memorandum, M.P. presents no arguments to show why pursuing administrative remedies for his Rehabilitation Act claim at the time the claim arose—i.e., while he was enrolled in the District's school—would have been futile. Without more, M.P.'s futility argument is without merit.

In sum, the remedies M.P. seeks are obtainable under the IDEA. Given this, he was

required to exhaust his administrative remedies before filing suit in federal court. 20 U.S.C. § 1415(l). Because there is no dispute that M.P. failed to do so, the Court lacks subject matter jurisdiction over this matter. *Larson*, 2002 WL 31108199, at * 3. Accordingly, the Court grants the District's motion to dismiss pursuant to Rule 12(b)(1) and does not reach the parties' arguments with respect to the merits of the Rehabilitation Act claim. *See Osborn,* 918 F.2d at 729-730 (noting that a court should not consider the merits of a case if there is no subject matter jurisdiction).

## III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. District's Motion for Dismissal and/or Summary Judgment [Docket No. 45] is GRANTED.

2. M.P.'s Complaint is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 3, 2005

S/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge