01-cv-771 JNE/JGL

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 05-1584

| | | |
|---|---|---|
| M.P., by and through his parents and natural guardians, K. and D.P., | * | |
| Appellant, | * | |
| v. | * | Appeal From the United States District Court for the District of Minnesota. |
| Independent School District No. 721, New Prague, Minnesota, | * | |
| Appellee. | * | |

Submitted: November 16, 2005
Filed: March 8, 2006

Before SMITH, HEANEY, and BENTON, Circuit Judges.

HEANEY, Circuit Judge.

M.P., by and through his parents, initiated this action against his former school district, Independent School District No. 721 (School District), alleging in relevant part claims under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1487 (2000) (IDEA), and Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 701-796

SCANNED
MAR 13 2006
U.S. DISTRICT COURT MPLS

(2000). M.P.'s claims arose after the School District's school nurse disclosed that he is schizophrenic, prompting other students to verbally and physically harass him.[1]

On May 14, 2002, the district court granted the School District's motion for summary judgment on all claims. The court dismissed the IDEA claim because M.P. failed to exhaust his administrative remedies by enrolling in a school district outside the School District prior to initiating his administrative proceedings. The court dismissed the Rehabilitation Act claim because M.P. failed to present any evidence of deliberate indifference. M.P. appealed to the Eighth Circuit Court of Appeals. On April 16, 2003, this court affirmed the district court's order with respect to the IDEA claim, see M.P. v. Indep. Sch. Dist. No. 721, 326 F.3d 975, 980-83 (8th Cir. 2003), and remanded the case with respect to the Rehabilitation Act claim to determine whether the School District had "acted in bad faith or with gross misjudgment when it failed to take appropriate action to protect M.P.'s academic and safety interests after the disclosure." Implicit in this court's holding and remand was that M.P. could pursue a Section 504 claim independent of his IDEA claims without exhausting his administrative remedies.

The School District filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6) for lack of subject matter jurisdiction over M.P.'s remaining Rehabilitation Act claim. In the alternative, the School District filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Rather than conduct an inquiry into M.P.'s claim as this court had ordered, the district court granted the School District's motion to dismiss because M.P. failed to exhaust his administrative remedies, once again prolonging what we believe is M.P.'s entitlement to present his Section 504 claims before the court.

---

[1]The nature of the harassment that M.P. suffered is more thoroughly discussed in our prior opinion, M.P. v. Indep. Sch. Dist. No. 721, 326 F.3d 975 (8th Cir. 2003).

M.P. appeals, arguing that he was not required to exhaust administrative remedies for disability discrimination and harassment claims arising under the Rehabilitation Act, and that state administrative IDEA hearings do not provide students with relief or damages for disability discrimination and harassment claims.

Because the district court dismissed the matter with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1), this court's standard of review is de novo. Duncan v. Dep't of Labor, 313 F.3d 445, 446 (8th Cir. 2000) (per curiam). M.P. asserts that he can sue for damages under the Rehabilitation Act for violation of his Section 504 rights without exhausting administrative remedies. We hold that he has a right of action for damages under Section 504 and reverse the district court.

Section 504 is a proscriptive, anti-discrimination statute that prohibits discrimination on the part of governmental actors to avoid due process and equal protection violations. To establish a prime facie case of disability discrimination under Section 504, the plaintiff must prove: "(1) [he] is a qualified individual with a disability; (2) [he] was denied the benefits of a program or activity of a public entity receiving federal funds; and (3) [he] was discriminated against based on [his] disability." Timothy H. v. Cedar Rapids Cmty. Sch. Dist., 178 F.3d 968, 971 (8th Cir. 1999). The plaintiff must also show bad faith or gross misjudgment to make a successful Section 504 violation claim. Monahan v. Nebraska, 687 F.2d 1164, 1171 (8th Cir. 1982). Examples of successful Section 504 claims include a blanket district-wide policy that shortened the school day for autistic children, Christopher S. v. Stanislaus County Office of Educ., 384 F.3d 1205, 1211-12 (9th Cir. 2004); a school district's refusal to place a student with fibromyalgia in an honors class or permit her to obtain school credit by way of home instruction, Weixel v. Bd. of Educ., 287 F.3d 138, 148 (2nd Cir. 2002); and a request for monetary damages for physical abuse and injury that a special education student suffered while at school, Witte v. Clark County Sch. Dist., 197 F.3d 1271,1276 (9th Cir. 1999).

Our precedent indicates that even when a plaintiff's IDEA claim fails for lack of jurisdiction, a Section 504 claim may still be considered. In Thompson v. Bd. of the Special Sch. Dist. No. 1, 144 F.3d 574, 576 (8th Cir. 1998), a student with various learning disabilities and emotional behavioral disturbance (EBD) transferred to a charter school outside of his school district once his parent determined that he was not receiving adequate services there. We held that the student failed to state a cause of action under the IDEA "because his request for a review [came] after he left the District previously responsible for his education." Id. at 578. Although the student had failed to exhaust his administrative remedies under the IDEA, we considered his Section 504 claims, which included improper diagnosis of his behavioral issues and the district's failure to alter its discipline policies to accommodate the student's needs, separately from his IDEA claims. Id. at 580. We held that it was unlikely that the student had presented sufficient evidence to show that the District acted with bad faith or gross misjudgment, and rejected his claims. Id.

In the case before us, M.P. argues that the School District acted in bad faith or with gross misjudgment because once his medical condition was disclosed, the School District failed to provide him with accommodations in the educational environment; failed to investigate allegations of disability discrimination, student-against-student harassment, hostile education environment, and disclosure of personal information; and failed to take appropriate and effective remedial measures once notice of his harassment was provided to school authorities. The School District's alleged failure to protect M.P. from unlawful discrimination on the basis of his disability is a claim that is wholly unrelated to the IEP process, which involves individual identification, evaluation, educational placement, and free, appropriate education (FAPE) decisions. We therefore hold that M.P. has a right of action for damages under Section 504.

For the reasons cited above, we reverse the district court and remand for proceedings consistent with this opinion. On remand, the court is to consider whether the School District acted in bad faith or with gross misjudgment when it failed to take

appropriate action to protect M.P.'s academic and safety interests after his disability was disclosed to the student body.

---

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
THOMAS F. EAGLETON COURT HOUSE
ROOM 24.329
111 S. 10TH STREET
ST. LOUIS, MISSOURI 63102

MICHAEL E. GANS
Clerk of Court

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

March 8, 2006

RECEIVED
BY MAIL
MAR 10 2006
CLERK US DIST COURT
MINNEAPOLIS MN

Ms. Margaret O'Sullivan Kane
CENTER FOR EDUCATION LAW
Suite 200
1654 Grand Avenue
St. Paul, MN 55105

Re: 05-1584 M.P. vs. Ind. School Dist 721

Dear Counsel:

The court today issued an opinion in this case. Judgment in accordance with the opinion is also entered today.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. No grace period for mailing is allowed, and the date of the postmark is irrelevant. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

(5148-010199)

Sincerely,

Michael E. Gans

Michael E. Gans
Clerk of Court

dmh

Enclosure(s)

cc: Amy Jane Goetz
Charles Earl Long
Marie C. Skinner
Richard Sletten

District Court/Agency Case Number(s): CIV 01-771 JNE/JGL