UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

M.P., by and through his parents and
natural guardians, K. and D.P.,

Plaintiff,

v.

Civ. No. 01-771 (JNE/JJG)
ORDER

Independent School District No. 721,
New Prague, Minnesota,

Defendant.

M.P., by and through his parents and natural guardians, K. and D.P., brought this action against his former school district, Independent School District No. 721 (District), asserting claims under several statutes, including Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 701-796 (2000). The Court granted the District's motion for summary judgment. The Eighth Circuit reversed the judgment as to M.P.'s Rehabilitation Act claim and otherwise affirmed. *M.P. ex rel. K. & D.P. v. Indep. Sch. Dist. No. 721* (*M.P. I*), 326 F.3d 975, 977 (8th Cir. 2003). On remand, the District moved to dismiss the Rehabilitation Act claim for lack of subject matter jurisdiction. In the alternative, the District moved for summary judgment. The Court granted the motion to dismiss and declined to consider the motion for summary judgment. The Eighth Circuit reversed and remanded. *M.P. ex rel. K & D.P. v. Indep. Sch. Dist. No. 721* (*M.P. II*), 439 F.3d 865, 867 (8th Cir. 2006). The District now asks the Court to consider its motion for summary judgment.

The District asserts it is entitled to summary judgment because M.P. cannot demonstrate that it acted with the requisite discriminatory intent. *See M.P. I,* 326 F.3d at 982. This argument has no merit:

> One could . . . find that the District acted in bad faith or with gross misjudgment on the basis of its failure to return M.P.'s mother's repeated phone calls regarding the safety of her son, the school administrators' proposals to either drastically

> alter M.P.'s school day or send him to an alternative school for behaviorally troubled students, and the District's assurance that it could cover the costs of M.P.'s transportation to the Northfield School District, and rescission of that offer once M.P. had enrolled in Northfield. Whether [the health paraprofessional] acted with deliberate indifference to the confidentiality of M.P.'s disability is irrelevant if it can be shown that the District acted in bad faith or with gross misjudgment when it failed to take appropriate action to protect M.P.'s academic and safety interests after the disclosure, pursuant to the Rehabilitation Act. Because there are disputed facts regarding the effect of the disclosure, the resulting harassment, and the District's failure to address and remedy the discrimination that M.P. may have experienced due to his disability, we remand this claim to the district court for further consideration.

*Id.* at 982-83; *see M.P. II*, 439 F.3d at 867 (noting M.P.'s "entitlement to present his Section 504 claims before the court"). Accordingly, the Court denies the District's motion for summary judgment.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The District's Motion for Summary Judgment [Docket No. 70] is DENIED.

Dated: June 21, 2006

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge