**M. P., *ET AL.* v. INDEPENDENT SCHOOL DISTRICT NO. 721,**
**NEW PRAGUE, *ET AL.***
**CV-01-771**

# PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

DWIGHT, KELLY AND MATTHEW POULTON, Plaintiffs in the above-captioned cause, file their Requested Instructions and Issues to be submitted to the jury.

## PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 1
## (GENERAL: NATURE OF CASE; BURDEN OF PROOF; DUTY OF JURY; CAUTIONARY)

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a civil case brought by the plaintiffs against the defendant. The plaintiffs allege that the defendant discriminated against Matthew Poulton on the basis of his disability by denying him reasonable accommodations in the education environment and by denying him effective corrective action after the Defendant knew or should have known that Matthew was the subject of student-on-student disability harassment that resulted in a hostile education environment. The Plaintiffs also allege that the Defendant continued its discriminatory practices by punishing Matthew rather than taking effective corrective actions against the student offenders. The defendant denies the allegations. It will be your duty to decide from the evidence whether the plaintiffs are entitled to a verdict against defendant.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

The Plaintiffs are not required to produce direct evidence of the discriminatory motive. Discrimination, if it exists, is seldom admitted, but is a fact which you may infer from the existence of other facts.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Authority: Adapted from *8th Cir. Civil Jury Instr.* 1.01 (2005); *Ryther v. KARE-11*, 108 F.3d 832 (8th Cir. 1997); *Webb v. Garelick Mfg. Co.*, 94 F.3d 484, 486 (8th Cir. 1996)(discriminatory motive may be inferred).

**PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 2**
**(STIPULATED FACTS)**

The plaintiffs and the defendant have stipulated -- that is, they have agreed -- that certain facts are as counsel have just stated. You should, therefore, treat those facts as having been proved.

Authority: *8th Cir. Civil Jury Instr.* 2.03 (2005).

## PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 3
## (CREDIBILITY OF WITNESS)

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

Authority: *8th Cir. Civil Jury Instr.* 3.03 (2005); *United States v. Hastings*, 577 F.2d 38, 42 (8th Cir. 1978).

## PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 4
## (DEFINITION: DELIBERATE INDIFFERENCE)

Deliberate indifference is established only if there is actual knowledge of a substantial risk that Matthew would suffer emotional and physical harm in the public school setting as a result of the disability harassment and if the Defendant disregards that risk by intentionally refusing or failing to take reasonable measures to deal with the problem. Mere negligence or inadvertence does not constitute deliberate indifference.

Authority: Adapted from *8th Cir. Civil Jury Instr.* 4.44 (2005);

## PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 5
## (DEFINITION OF PRETEXT)

You may find that Matthew Poulton's disability was a motivating or determining factor in Defendant's decision if it has been proved by the greater weight or preponderance of the evidence that Defendant's stated reasons for its decision are not the real reason, but is a pretext to hide disability discrimination.

Authority: Adapted from *8th Cir. Civil Jury Instr.* 5.95 (2005); *Brooks v. Woodline Motor Freight, Inc.*, 852 F.2d 1061, 1063 (8th Cir. 1988)(plaintiffs can establish unlawful bias through "either direct evidence of discrimination *or* evidence that the reasons given for the adverse action are a pretext to cloak the discriminatory motive.")

**PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 6**
**(DEFINITION OF MOTIVATING FACTOR)**

As used in these instructions, Matthew's disability was a "motivating factor," if Matthew's disability played a part or a role in the Defendant's decision to disregard Matthew's complaint of student harassment and provided Matthew with educational options to resolve the harassment that affected his equal access to his public education. However, Matthew's disability need not have been the only reason for Defendant's decisions.

The term "motivating factor," as used in these instructions, means a reason, alone or with other reasons, on which Defendant relied when it disregarded Matthew's complaint of student harassment and provided Matthew with educational options to resolve the harassment that affected his equal access to his public education

Authority: *8th Cir. Civil Jury Instr.* 5.96 (2005); *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1101-02 (8th Cir. 1988); *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993) ("Whatever the employer's decisionmaking process, a disparate treatment claim cannot succeed unless the employee's protected trait actually played a role in that process and had a determinative influence on the outcome."). Motivating factor definition was adapted from *Price Waterhouse v. Hopkins*, 490 U.S. 228, 241-42 (1989); 29 U.S.C. § 623(a)(1) (ADEA); 42 U.S.C. § 2000e-2 (Title VII); 42 U.S.C. § 12112(a) (ADA)].

## PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 7
## (DEFINITION: REASONABLE PERSON)

In determining whether a reasonable person in the Matthew's circumstances would find the Matthew's education environment to be hostile or abusive, you must look at all the circumstances. The circumstances may include the frequency of the conduct complained of; its severity; whether it was physically threatening or humiliating, or merely offensive; whether it unreasonably interfered with the plaintiff's work performance; and the effect on plaintiff's psychological well-being. No single factor is required in order to find a work environment hostile or abusive.

Authority: *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993), and reiterated in *Faragher v. City of Boca Raton*, 524 U.S. 775, ___, 118 S. Ct. 2275, 2283 (1998).

## PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 8 (SECTION 504 AND MHRA FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS)

Your verdict must be for plaintiff and against defendant if all of the following elements have been proved by the greater weight or preponderance of the evidence:

*First*, plaintiff had the mental health disorder of schizophrenia; and

*Second*, Matthew's mental health disorder of schizophrenia substantially limited Matthew's ability to participate in his education and learning without additional assistance; and

*Third*, Defendant and its employees knew of Matthew's mental health disorder of schizophrenia; and

*Fourth*, Matthew could have performed the essential functions of a student at the time defendant District denied Matthew, if Matthew had been provided with the additional assistance with organizing, managing and timely completing his school work that addressed his challenges in the education environment as a result of mental health disorder; and

*Fifth*, providing additional assistance to Matthew would have been reasonable; and

*Sixth*, Defendant failed to provide the additional assistance to Matthew and failed to provide any other reasonable accommodation.

If any of the above elements has not been proved by the greater weight or preponderance of the evidence then your verdict must be for defendant.

Authority: *8th Cir. Civil Jury Instr.* 5.51(C) (2005);

## PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 9
## (SECTION 504 AND MHRA DISABILITY DISCRIMINATION)

Your verdict must be for Matthew Poulton and against the Defendant District on the Poultons disability discrimination claim if all the following elements have been proved by the greater weight or preponderance of the evidence:

*First*, Defendant deprived Matthew Poulton of equal access to his public education; and

*Second*, Matthew Poulton's disability was a motivating factor in the Defendant District's employees' decisions.

If either of the above elements has not been proved by the greater weight or preponderance of the evidence, your verdict must be for defendant and you need not proceed further in considering this claim. You may find that Matthew Poulton's disability was a motivating factor or played a part in the Defendant District's employees' decisions if it has been proved by the greater weight or preponderance of the evidence that Defendant District's stated reasons for its decision is a pretext to hide disability discrimination.

Authority: Adapted from *8th Cir. Civil Jury Instr.* 5.01 (2005).

**PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 10
(SECTION 504 AND MHRA HOSTILE EDUCATION ENVIRONMENT)**

Your verdict must be for plaintiffs and against the school district based on the Poultons' claim of disability harassment if all of the following elements have been proved by the greater weight or preponderance of the evidence:

*First*, Matthew Poulton was subjected to verbal and physical assaults within the education environment from other students; and

*Second*, the conduct was unwelcome; and

*Third*, the conduct was based on Matthew Poulton's disability; and

*Fourth*, the conduct was sufficiently severe or pervasive that a reasonable person in Matthew's position would find Matthew's education environment to be hostile and/or abusive; and

*Fifth*, at the time such conduct occurred and as a result of such conduct, Matthew believed his education environment to be hostile and/or abusive; and

*Sixth*, the school district through its administration and employees knew or should have known of the student-to-student harassment in the education environment; and

*Seventh*, the school district through its administrative and representatives failed to take prompt and appropriate corrective action to end the harassment.

If any of the above elements has not been proved by the greater weight or preponderance of the evidence, your verdict must be for the defendant and you need not proceed further in considering this claim.

This is an objective standard: you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances with the same fundamental characteristics as Plaintiff.

Plaintiff must prove all the above elements by the preponderance of the evidence.

Authority: Adapted from *8th Cir. Civil Jury Instr.* 5.42 (2005); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993), and *Faragher v. City of Boca Raton*, 524 U.S. 775, ___, 118 S. Ct. 2275, 2283 (1998).

**M. P., *ET AL.* v. INDEPENDENT SCHOOL DISTRICT NO. 721,**
**NEW PRAGUE, *ET AL.***
**CV-01-771**

**PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 11**
**(SECTION 504 HOSTILE EDUCATION ENVIRONMENT INTERROGATORY)**

Do you find from a preponderance of the evidence that Plaintiff Matthew Poulton was subjected to a hostile education environment because of his disability?

Answer "Yes" or "No" ______

Authority: Adapted from *8th Cir. Civil Jury Instr.* 5.42 (2005)(citing *Faragher v. City of Boca Raton*, 118 S. Ct. 2275, 2292-93 (1998)).

## PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 12 (DAMAGES AND INTENTIONAL DISCRIMINATION)

To award money damages under the provisions of the Rehabilitation Act at issue here, you must find intentional discrimination on the part of the New Prague School District and its employees.

In order to establish intentional discrimination the Plaintiffs must show that someone with authority to take corrective action had notice of Matthew's condition and an opportunity to take the corrective action but did not take that corrective action.

Intentional discrimination does not mean that the School District or its employees intended to bring about the harm that Matthew Poulton asserts took place and does include deliberate indifference to Matthew Poulton's harassment.

Authority: Adapted from *8th Cir. Civil Jury Instr.* 5.01 (2005); *Wilking v. County of Ramsey,* 153 F.3d 869, 873 (8th Cir.1998)(intentional discrimination as necessary element); *Cronquist v. City of Minneapolis,* 237 F.3d 920, 926 (8th Cir.2001); *see also Hazen Paper Co. v. Biggins,* 507 U.S. 604, 610 (1993)(proof of prohibited reason for adverse action).

## PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 13
## DISABILITY DISCRIMINATION AND HARASSMENT – ACTUAL DAMAGES

If you find in favor of Matthew Poulton under Instruction 9 then you must award the plaintiffs such sum as you find by the greater weight or preponderance of the evidence will fairly and justly compensate plaintiff for any damages you find plaintiff sustained as a direct result of Defendant's failure to provide reasonable modifications and accommodations to Matthew Poulton and the School District's deliberate indifference to the student-on-student harassment that was taking place with Matthew.

The Poultons' claim for damages includes three distinct types of damages and you must consider them separately.

*First*, you must determine the amount of any lost wages that Kelly Poulton would have earned in her employment if Matthew had not been subjected to the disability discrimination and harassment in the education environment.

*Second,* you must determine the amount of reasonable cost of any necessary transportation to and from the neighboring education setting in Northfield.

*Third*, you must determine the amount of any other damages sustained by plaintiff, such as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages which you find Matthew sustained. You must enter separate amounts for each type of damages in the verdict form and must not include the same items in more than one category.

You are also instructed that plaintiff has a duty under the law to "mitigate" his damages--that is, to exercise reasonable diligence under the circumstances to minimize his damages. Therefore, if you find by the greater weight or preponderance of the evidence that plaintiffs failed to seek out or take advantage of an opportunity that was reasonably available to them you must reduce the damages by the amount they reasonably could have avoided if they had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

Authority: Adapted from *8th Cir. Civil Jury Instr.* 5.54A (2005).

## PLAINTIFFS' REQUESTED JURY INSTRUCTION NO. 14
## DISCRIMINATION AND HARASSMENT – NOMINAL DAMAGES

If you find in favor of Matthew Poulton under Instruction 9 but you do not find that Matthew Poulton's damages have monetary value, then you must return a verdict for plaintiff in the nominal amount of One Dollar ($1.00).

Any mental suffering, physical suffering or emotional upset of the Plaintiffs Dwight and Kelly Poulton cannot be considered by you in awarding damages for the alleged harm to Matthew. It is not the injuries suffered by Dwight and Kelly Poulton which support an award of damages, if any, in this case.

Authority: Adapted from *8th Cir. Civil Jury Instr.* 5.54B (2005).

**M. P., *ET AL.* v. INDEPENDENT SCHOOL DISTRICT NO. 721,
NEW PRAGUE, *ET AL.*
CV-01-771**

**PLAINTIFFS' REQUESTED VERDICT FORM**

**Note:** Complete this form by writing in the names required by your verdict.

**Issue No. 1: Reasonable Accommodations**:

On the reasonable accommodations claim of Matthew Poulton, as submitted in Instruction 8, we find in favor of

| | | |
|---|---|---|
| ______________________ | | ____________________ |
| (Plaintiff Matthew Poulton) | or | (Defendant District) |

**Note:** Complete the following paragraphs only if the above finding is in favor of plaintiff. If the above finding is in favor of Defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.

We find Matthew Poulton's damages as defined in Instruction 8 to be:

$__________ (stating the amount or, if none, write the word "none")(stating the amount, or if you find that Matthew Poulton's damages have no monetary value, set forth a nominal amount such as $1.00).

**Issue No. 2: Disability Discrimination**

On the disability discrimination claim of Matthew Poulton, as submitted in Instruction 9, we find in favor of

| | | |
|---|---|---|
| ______________________ | | _____________________ |
| (Plaintiff Matthew Poulton) | or | (Defendant District) |

**Note:** Complete the following paragraphs only if the above finding is in favor of plaintiff. If the above finding is in favor of Defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.

We find Matthew Poulton's damages as defined in Instruction 9 to be:

$__________ (stating the amount or, if none, write the word "none")(stating the amount, or if you find that Matthew Poulton's

damages have no monetary value, set forth a nominal amount such as $1.00).

**Issue No. 3: Hostile Education Environment**

On the hostile education environment claim of Matthew Poulton, as submitted in Instruction 10, we find in favor of

| | | |
|---|---|---|
| ________________________ (Plaintiff Matthew Poulton) | or | ________________________ (Defendant District) |

**Note:** Complete the following paragraphs only if the above finding is in favor of plaintiff. If the above finding is in favor of Defendant, have your foreperson sign and date this form because you have completed your deliberation on this claim.

We find Matthew Poulton's damages as defined in Instruction 10 to be:

$__________ (stating the amount or, if none, write the word "none")(stating the amount, or if you find that Matthew Poulton's damages have no monetary value, set forth a nominal amount such as $1.00).

______________________________________
Foreperson

Dated: ________________

Authority: Adapted from *8th Cir. Civil Jury Instr.* 5.28 (2005).