**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| M.P., by and through his parents<br>And natural guardians, D.P. and K.P.,<br><br>Plaintiff,<br><br>v.<br><br>Independent School District No. 721,<br>New Prague,<br><br>Defendant. | Civil File No. 01-771 (JNE/JEL)<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTIONS IN LIMINE** |

## INTRODUCTION

Within Plaintiff's Exhibit 33, Plaintiff has included a report dated October 1, 2003 from Lea Hogan, M.D., in which Dr. Hogan renders a number of opinions regarding what the Defendant School District should be made to do to address Plaintiff's alleged harassment. Because Dr. Hogan lacks foundation to opine on the subject of providing educational services and discipline in a high school setting, her opinions are reportedly founded on nothing but the ipse dixit of the expert, are unreliable, and will not assist the jury, her report and testimony related thereto must be excluded. Further, because Plaintiff failed to disclose the report until the week of August 21, 2006, the report and Dr. Hogan's testimony on its subject matter should be excluded pursuant to Rule 37(c) of the Rules of Civil Procedure. Alternatively, Defendant is entitled to a continuance to give it sufficient time to retain a suitable expert to testify on the subject.

## ARGUMENT

Federal Rules of Evidence 702 provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. Under the Federal Rules of Evidence, the trial judge must ensure that any and all scientific testimony admitted is "not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). The Court must focus upon the principles and methodology, not the conclusions, of the expert. *Daubert*, 509 U.S. at 595. The Supreme Court emphasized:

> [N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered.

*General Electric Company v. Joiner*, 522 U.S. 136, 146 (1997). The objective of the gatekeeping requirement is to make certain that the expert "employs in the courtroom the same intellectual rigor that characterizes the practice of an expert in the relevant field." *Khumo Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). The trial judge's determination to exclude expert testimony is reviewed under the abuse of discretion standard, and is entitled to the deference that is the hallmark of that standard. *Joiner*, 522 U.S. at 143.

In her October 1, 2003 report, Dr. Hogan assumes the role of advocate and advises Plaintiff's counsel regarding what the school should do to address the alleged harassment, and what she believes it did wrong. The report is bald advocacy, not the practice of psychiatry. Lacking any pretense of scientific objectivity, for example, she opines that the school should apologize to Plaintiff and reimburse his family for the costs to transport Plaintiff to Northfield. The report contains no summary of the grounds for her conclusions. It is classic ipse dixit expert testimony. According to her resume, Plaintiff's Exhibit 32, Dr. Hogan is a psychiatrist who practices in the area of individual and adult psychiatry. Nothing in her resume reveals any study or experience in the area of high school educational programs or services. Nothing in the materials disclosed indicates what, if any, of the schools existing training, policies, or procedures she reviewed before opining that unspecified further training was indicated, and that a lack of appropriate training was a contributing cause to Plaintiff's harm.

Further, under Rule 26(b) and (e) of the Rules of Civil Procedure, Plaintiff was required to disclose his expert's opinions, and to supplement that disclosure. Defendant was entitled to depose Dr. Hogan regarding the opinions she would present at trial. Fed.R.Civ.P. 26(b)(4)(A). Because of Plaintiff's failure to disclose Dr. Hogan's October 1, 2003 report until last week, Defendant has lost the opportunity to depose her regarding her opinions and to obtain a suitable rebuttal expert or experts. As an appropriate sanction pursuant to Rule 37(c) of the Rules of Civil Procedure, this Court should exclude the October 1, 2003 report and prohibit Dr. Hogan from presenting at trial the opinions contained therein.

Alternatively, the Court should continue the trial to permit adequate time for Defendant to depose Dr. Hogan and to retain such experts as it deems suitable to rebut her opinions.

**CONCLUSION**

For the forgoing reasons, as well as those set forth in its Trial Brief, Defendant respectfully requests that this Court grant its motions in limine in their entirety.

Date: August _28, 2006

KENNEDY & GRAVEN, CHARTERED

By___/s/ Charles E. Long____

Marie C. Skinner (#165025)
Charles E. Long (#239604)
Peter G. Mikhail (#249907)
200 South Sixth Street, Suite 470
Minneapolis, MN 55402
Telephone: (612) 337-9300
*Attorneys for Defendant*