**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| M.P., by and through his parents And natural guardians, D.P. and K.P.,<br><br>Plaintiff,<br><br>v.<br><br>Independent School District No. 721, New Prague,<br><br>Defendant. | Civil File No. 01-771 (JNE/JEL)<br><br>**AFFIDAVIT OF CHARLES E. LONG** |

STATE OF MINNESOTA )
)*ss.*
COUNTY OF HENNEPIN )

Charles E. Long, being first duly sworn on oath states as follows:

1. I am an attorney with the Kennedy & Graven, Chartered law firm.

2. Our firm represents the Defendant in the above-referenced matter.

3. Attached as Exhibit 1 are true and correct copies of pages 1, 15, and 16 of the Plaintiffs' Answers to Defendants' Interrogatories and Request for Production of Documents, which were received on or about November 15, 2001, identifying Dr. Lea Hogan as an expert witness. The Plaintiffs were asked to state the substance of the facts and opinions to which the expert is expected to testify and to summarize the grounds for each opinion.

4. The Plaintiff did not disclose Dr. Hogan's report dated October 1, 2003 until making his pretrial disclosures on August 23, 2006.

FURTHER YOUR AFFIANT SAITH NOT.

Charles E. Long

Subscribed and sworn to before me
this 28 day of August, 2006.

Notary Public

BARBARA J CARROLL
Notary Public
Minnesota
My Commission Expires January 31, 2010

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

M.P., by and through his parents and natural guardians, D.P. and K.P.,

Plaintiffs,

-vs-

Independent School District No. 721, New Prague, and Arlene Pexa, in her personal capacity,

Defendants.

Civil File No. 01-771 DSD/SRN

**PLAINTIFFS' ANSWERS TO DEFENDANTS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

To: Defendants, by and through their attorneys, Marie C. Skinner, Rider, Bennett, Egan & Arundel, 333 South Seventh Street, Suite 2000, Minneapolis, Minnesota 55402.

## GENERAL OBJECTIONS

1. Plaintiffs object to the definitions contained in Defendants' First Interrogatories and Request for Production of Documents to the extent that said definitions seek to impose a duty on Plaintiffs beyond that required by the Federal Rules of Civil Procedure on the grounds that said definitions are overbroad, unduly burdensome, unreasonable and improper.

2. Plaintiffs object to each request for documents insofar as it seeks production of documents protected from disclosure by the attorney-client privilege, by the work product doctrine, by any privilege under Fed. R. Civ. P. 26(b), or by any other privilege, or requires disclosure of information prepared by counsel, or by Plaintiffs at the request of counsel, in anticipation of litigation.

3. Plaintiffs object to Defendants' First Interrogatories and Request for Production of Documents insofar as they seek information that constitutes confidential or other private information of Plaintiffs.

4. Plaintiffs object to Defendants' First Interrogatories and Request for Production of Documents insofar as they seek information pertaining solely to Plaintiff M.P. prior to September 1994, when Plaintiff M.P. began attending in the Defendants' school district, on the grounds that such information is irrelevant, immaterial, unreasonable, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence.

5. Plaintiffs object to Defendants' First Interrogatories and Request for Production of



STUDENT'S EXHIBIT
12

**Answer:**

The family was not concerned that M.P. was being labeled by being placed on an IEP. M.P. had previously been on an IEP. The family was concerned that the District was proposing the eligibility criteria of emotional and behavioral disorder and needed more information about this eligibility criteria and other available eligibility criteria.

**INTERROGATORY NO. 17:** State whether Plaintiffs were concerned that other children would make fun of plaintiff M.P. in the fall of 1999 after he was bit by an iguana.

**Answer:**

Objection on the basis of relevancy. M.P. was concerned about returning to school and being embarrassed because he had 17 stitches and his nose swelled to 3 times its normal size.

**INTERROGATORY NO. 18:** State whether plaintiff M.P. ever experienced anxiety in the fall of 1999. An if yes, please describe the situation.

**Answer:**

M.P was anxious about going to high school which we were told during orientation was a normal response to going to high school for the first time. We were concerned because M.P. had previously had problems with anxiety but he loved going to the high school and was doing very well until the disclosure was made.

**INTERROGATORY NO. 19:** State whether Plaintiffs ever rejected the District's offer of services to plaintiff M.P. to help with his Emotional Behavioral Disorder (END).

**Answer:**

The Poulton do not recall rejecting special education and related services under the END label but do remember expressing reservations about designating him in this category because he did not have behavioral problems. The Poulton do not have any record reflecting that an END program was offered by the District or rejected by the Poulton.

**INTERROGATORY NO. 20:** Identify each expert whom you have retained during the pendency or anticipation of this litigation to render an opinion on your behalf and state the following for each: (a) the individual's full name, title, current business address and telephone number; (b) the area of his/her expertise; (c) describe in detail his/her background (e.g., education, experience, professional affiliations, certifications, publications); (d) all dates on which you were seen or treated by such expert or any consultant or agent of such expert, if that occurred and/or is applicable; (e) the subject matter on which the expert is expected to testify; (f) the substance of

the facts and opinions to which the expert is expected to testify; and (g) a summary of the grounds for each such opinion.

**Answer:**

See attached curriculum vita of Lea Hogan and release that was previously provided to District. See also the Rule 26 (a) disclosures.

**INTERROGATORY NO. 21:** Identify all doctors, nurses, health care professions or counselors whom the minor child has contacted, visited, seen, or spoken with regarding his physical or mental health from birth to the present.

**Answer:**

| | |
|---|---|
| Dr. Milan Schmidt | Family Physician |
| Dr. Thomas Rohy | Dentist |
| Dr. Paul Fountain | Psychologist |
| Dr. David Shaulkers | Psychiatrist |
| Dr. Lea Hogan | Psychiatrist |

See previously provided releases of information.

**INTERROGATORY NO. 22:** Itemize the travel expenses associated with the transportation of plaintiff M.P. to Northfield High School. Identify all other expenses associated with his attendance at that location.

**Answer:**

See Answer to Interrogatory No. 4.

**INTERROGATORY NO. 23:** Identify all exhibits that you intend to introduce at trial.

**Answer:**

Unknown at this time.

**INTERROGATORY NO. 24:** Identify all educational institutions that plaintiff M.P. has attended from preschool to the present.