# DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 721'S PROPOSED JURY INSTRUCTION NO. 1

**Nature of Case; Burden of Proof; Duty of Jury; Cautionary**

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a civil case brought by the plaintiff, Matthew Poulton, against the defendant, New Prague School District. The plaintiff alleges that the defendant discriminated against him based on his disability. The defendant denies that allegation. It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against defendant.

From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.
Eighth Cir. Civ. Inst. 1.01 (2005)

**DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 721'S PROPOSED JURY INSTRUCTION NO. 1**

Evidence; Limitations

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated - that is, formally agreed to by the parties; and any facts that have been judicially noticed - that is facts which I say you must accept as true.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.
2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.
3. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.
4. Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.
5. Anything you see or hear about this case outside the courtroom is not evidence.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

Eighth Cir. Civ. Inst. 1.02 (2005)

## DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 721'S PROPOSED JURY INSTRUCTION NO. 3

**Evidence**

You will be viewing one or more exhibits which contain complaints of alleged harassment, and you will be hearing testimony of oral complaints of alleged harassment. You are to consider such evidence only for a limited purpose, that is, to determine when and what complaints were made to the School District. The complaints themselves are not evidence that the alleged harassment described in the complaint actually occurred, and Plaintiff has the burden to establish each allegation of harassment through other evidence.

Federal Rules of Evidence 801, 802, and 403.

**DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 721'S PROPOSED JURY INSTRUCTION NO. 4**

**Impeachment of Witnesses, Prior Conviction**

You have heard evidence that Matthew Poulton was previously convicted of two felonies. You may use that evidence only to help you decide whether to believe his testimony and how much weight to give it.

Eighth Cir. Civ. Inst. 2.09 (2005)

**DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 721'S PROPOSED JURY INSTRUCTION NO. 5**

**Witness Credibility**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, and motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse in memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

Eighth Cir. Civ. Inst. 3.03 (2005)

**DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 721'S PROPOSED JURY INSTRUCTION NO. 6**

**Burden of Proof**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim depends upon that fact. The party who has the burden of proving a fact must prove it by the preponderance of the evidence. To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

Eighth Cir. Civ. Inst. 3.04 (2005)

**DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 721'S PROPOSED JURY INSTRUCTION NO. 7**

**Nature of the Claim**

It is unlawful for a school district to intentionally deny a student from participating in, or receiving the benefits of, its programs because of the student's disability.

Plaintiff M.P. claims that Defendant Independent School District No. 721 intentionally discriminated against him because of his disability. Defendant Independent School District No. 721 denies this charge and claims that it exercised professional judgment following accepted standards among educational professionals in responding to M.P.'s assertions that he was harassed by his classmates.

*M.P. v. Indep. Sch. Dist. No. 721*, 439 F.3d 865, 868 (8th Cir. 2006)
*Monahan v. State of Neb.*, 687 F.2d 1164, 1171 (8th Cir. 1998)

**DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 721'S PROPOSED JURY INSTRUCTION NO. 8**

**Statute Generally**

29 U.S.C. § 794(a) provides, in part, that:

No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794

**DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 721'S PROPOSED JURY INSTRUCTION NO. 9**

**Disability Discrimination-Essential Elements**

Your verdict must be the Plaintiff on his claim of disability discrimination in the educational environment, if all of the following elements have been proved by the preponderance of the evidence:

(1) that the Plaintiff is a "disabled individual" as defined by Section 504;
(2) that he is "otherwise qualified" for the position or program sought;
(3) that he was excluded from the position sought or denied benefits from a program or activity solely by reason of his disability;
(4) that the program or activity in question received federal financial assistance;
(5) that the Defendant acted in "bad faith" or with "gross misjudgment," in responding to Plaintiff's complaints of harassment at school; and
(6) that the Defendants intentionally "departed grossly from accepted standards among educational professionals" due to personal animosity, ill will or discriminatory animus against the Plaintiff or due to "deliberate indifference" to his rights.

If any of the above elements have not been proved by the preponderance of the evidence, your verdict must be for the Defendant and you need not proceed further in considering this Plaintiff's claim.

*Monahan v. State of Neb.*, 687 F.2d 1164, 1171 (8th Cir. 1998)
*M.P. v. Indep. Sch. Dist. No. 721*, 200 F.Supp.2d 1036, 1040 (D.Minn. 2002)
*Bowers v. Nat'l Collegiate Athletic* Ass'n, 118 F.Supp.2d 494, 507 (D.N.J. 2000)

**DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 721'S PROPOSED JURY INSTRUCTION NO. 10**

**Disability Discrimination-1**

In order to act in "bad faith" or with "gross misjudgment," a school district must be found to have "exercised professional judgment" in such a way as to "depart grossly from accepted standards among educational professionals."

*M.P. v. Indep. Sch. Dist. No. 721*, 439 F.3d 865, 867 (8th Cir. 2006)
*Monahan v. State of Neb.*, 687 F.2d 1164, 1171 (8th Cir. 1998)

**DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 721'S PROPOSED JURY INSTRUCTION NO. 11**

**Disability Discrimination-2**

School districts are liable for disability discrimination under Section 504 "only when the decision by the professional is such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision on such judgment."

*Monahan v. State of Neb.*, 687 F.2d 1164, 1171 (8th Cir. 1998)

**DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 721'S PROPOSED JURY INSTRUCTION NO. 12**

**Disability Discrimination-4**

A school district's good faith efforts in pursuit of legitimate ends will not result in Section 504 liability.

*Hoekstra v. Indep. Sch. Dist. No. 283*, 916 F.Supp. 941, 949 (D.Minn.), *aff'd*, 103 F.3d 624 (8th Cir. 1996), *cert. denied,* 520 U.S. 1244, 117 S.Ct. 1852 (1997)

**DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 721'S**
**PROPOSED JURY INSTRUCTION NO. 13**

**Disability Discrimination-5**

Because the Plaintiff seeks compensatory damages, to prove bad faith or gross misconduct, he must prove that the Defendant discriminated against him intentionally.

*M.P. v. Indep. Sch. Dist. No. 721*, 200 F.Supp.2d 1036, 1040 (D.Minn. 2002)
*Bowers v. Nat'l Collegiate Athletic* Ass'n, 118 F.Supp.2d 494, 507 (D.N.J. 2000)
*Smith v. Me. Sch. Admin. Dist. No. 6*, 2001 WL 420361 at *6-7 (D. Me. 2001)

**DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 721'S PROPOSED JURY INSTRUCTION NO. 14**

**Disability Discrimination-6**

To establish intentional discrimination, the Plaintiff must prove the Defendant acted out of personal animosity, ill will or discriminatory animus, or acted with deliberate indifference to the strong likelihood that a violation of the Plaintiff's federally protected rights would result from its actions.

*M.P. v. Indep. Sch. Dist. No. 721*, 200 F.Supp.2d 1036, 1040 (D.Minn. 2002)
*Smith v. Me. Sch. Admin. Dist. No. 6*, 2001 WL 420361 at *6-7 (D. Me. 2001)

**DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 721'S PROPOSED JURY INSTRUCTION NO. 15**

**Disability Discrimination-7**

Public schools are unlike the adult workplace. Children may regularly interact in a manner that would be unacceptable among adults. In the school setting, students often engage in insults, banter, teasing, shoving, and pushing that is upsetting to students subjected to it. However, damages are not available for simple acts of teasing and name calling among school children even where these comments target differences in protected class status.

*Davis v. Monroe County Sch. Bd. of Educ.*, 526 U.S. 629, 651-652, 119 S.Ct. 1661, 1675 (1999)

**DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 721'S PROPOSED JURY INSTRUCTION NO. 16**

**Compensatory Damages**

If you find Defendant Independent School District No. 721 discriminated against the Plaintiff based upon his disability, then you must determine an amount that is fair compensation for his injuries. You may award compensatory damages only for injuries that each Plaintiff proves were caused by Defendant's intentionally wrongful conduct.

The damages that you award must be fair compensation–no more and no less.

You may award damages for any pain, suffering or mental anguish that the Plaintiff experienced as a consequence of Defendant's disability discrimination. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that a Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Adapted from Eighth Cir. Civ. 5.54A (2005)

**DEFENDANT INDEPENDENT SCHOOL DISTRICT NO. 721'S PROPOSED JURY INSTRUCTION NO. 17**

**Nominal Damages**

If you find in favor of the Plaintiff but you find that the Plaintiff's damages have no monetary value, then you must return a verdict for the Plaintiff in the nominal amount of One Dollar ($1.00).

Adapted from Eighth Cir. Civ. 5.54B (2005)