**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Civil File No. 01-771 (JNE/JEL)

Matthew Poulton,

Plaintiff,

v.

Independent School District No. 721, New Prague,

Defendant.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

---

## INTRODUCTION

Defendant Independent School District No. 721, New Prague ("School District") submits the following memorandum in support of its renewed motion for judgment as a matter of law. The School District is entitled to judgment as a matter of law because, taking all the evidence in the light most favorable to the verdict, Plaintiff Matthew Poulton failed to submit sufficient evidence for the jury to find, apart from sympathy or passion, that the School District acted with bad faith or gross misjudgment.

## STATEMENT OF FACTS

The Court is fully aware of the facts in evidence at trial. Counsel for the School District summarizes the following pertinent facts from memory, in the light most favorable to the verdict, without the benefit of a transcript.

Plaintiff's mother, Kelly Poulton, reported to social worker Katie Hennessy that Arlene Pexa had disclosed Plaintiff's schizophrenia diagnosis in the presence of other students in the nurse's office. Ms. Hennessy suggested they take a wait and see approach, not wanting to approach the students and highlight the sensitive nature of the information they may have heard. The months of January, February, and March, however, passed without any reported incident. While Plaintiff testified that the harassment began in late January, it was undisputed that he did not report any verbal or physical harassment to anyone at the school, to the psychiatrist with whom he treated regularly, or to his mother, before April.

On or about April 9, 2000, Mrs. Poulton called Ms. Hennessy and reported that her son was being harassed, but did not report names of the offending students. Because the harassment did not stop, on April 27, 2000, Plaintiff's parents sent High School Principal Connie Nicholson a letter reporting verbal harassment they believed their son was suffering. The letter did not identify the names of offending students, and did not allege that Plaintiff was being physically assaulted. The letter requested that Ms. Nicholson address the issue by May 5, 2000. On Monday, May 1, Ms. Nicholson called Mrs. Poulton to discuss her concerns and as a result of the telephone call, she notified the school counselor and the dean of students of the concerns. Mrs. Poulton testified that Ms. Nicholson said she would interview Plaintiff, using a school year book to help him identify the names of offending students. Both Ms. Nicholson and former superintendent Frances Poplau admitted on cross-examination that someone ought

to have interviewed Plaintiff. Dr. Poplau expected the investigation to be handled at the high school; Ms. Nicholson expected Ms. Hennessy to meet with Plaintiff. The School District offered no documentation of its investigation and the memories of its witnesses had faded. Mrs. Poulton testified that Ms. Nicholson asked if it was possible Plaintiff had perceived the harassment due to his schizophrenia. It was undisputed that the School District did not interview Plaintiff.

On May 8, Mrs. Poulton called Ms. Nicholson and reported that Plaintiff had been physically assaulted that day. Ms. Nicholson notified the dean of students, Dan O'Brien, and he spoke with the three students Mrs. Poulton had identified. Mr. O'Brien warned them to stop the misbehavior and received assurances from them that they would. He had a relationship with the boys, and in his judgment, believed the matter was concluded. Approximately the next day, the three students gave Plaintiff a hard time in the lunch room for snitching on them. A lunch aid observed the confrontation, and escorted Plaintiff away from the other three, and out of the lunch room.

While Plaintiff testified that further incidents occurred, he admitted that he never reported any further harassment to the school. Further, for the remainder of the school year, his teachers observed none. Plaintiff's friend, Geoff Johnson testified that name calling was not new at high school, but that he did notice Plaintiff getting pushed around more. Notably, Mr. Johnson did not testify that he had heard any rumors circulating about Plaintiff's mental health.

Before the case was submitted to the jury, the School District moved for judgment as a matter of law because, among other things, no reasonable jury, apart from passion or prejudice, could find that the School District had acted with bad faith or gross misjudgment. The Court allowed the case to go to the jury. The jury found that the School District had disclosed Plaintiff's medical condition to the student body. The jury found that the School District had actual knowledge of resulting student-on-student harassment, and acted with bad faith or gross misjudgment. The School District now renews its motion for judgment as a matter of law.

## ARGUMENT

### 1. Standard of Review

Rule 50 of the Federal Rules of Civil Procedure provides, in pertinent part:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim . . . that cannot under the controlling law be maintained . . . without a favorable finding on that issue.

F.R.Civ.P. 50(a)(1). The trial court must: (1) consider the evidence in the light most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved in favor of the prevailing party; (3) assume as proved all facts that the prevailing party's evidence tended to prove; and (4) give the prevailing party

the benefit of all favorable inferences that may reasonably be drawn from the facts proved. *E.E.O.C. v. Kohler Co.*, 335 F.3d 766, 772 (8th Cir. 2003).

However, a "reasonable inference" is one which may be drawn from the evidence without resort to speculation. *Nebraska Plastics, Inc. v. Holland Colors Americas, Inc.*, 408 F.3d 410, 417 (8th Cir. 2005). There must be substantial evidence, more than a "mere scintilla," to support a verdict. *Hastings v. Boston Mut. Life Ins. Co.*, 975 F.2d 506, 509 (8th Cir. 1992).

**2. Plaintiff Failed To Establish A Legally Sufficient Evidentiary Basis For The Jury To Find Bad Faith Or Gross Misjudgment.**

The Eighth Circuit has repeatedly explained that Section 504 is not intended to create "general tort liability for educational malpractice." *Monahan v. State of Nebraska*, 687 F.2d 1164, 1171 (8th Cir. 1982); *see also Smith by Townsend v. Special Sch. Dist. No. 1*, 184 F.3d 764, 769 (8th Cir. 1999) (quoting *Monahan*, 687 F.2d at 1171); *Heidemann v. Rother*, 84 F.3d 1021, 1032 (8th Cir. 1996) (same). A plaintiff must establish "either bad faith or gross misjudgment . . . before a Section 504 violation can be made out, at least in the context of education of handicapped children." *Monahan*, 687 F.2d at 1171 (8th Cir. 1982); *M.P.*, 439 F.3d at 867 (citing *Monahan); Hoekstra v. Indep. Sch. Dist. No. 283*, 916 F.Supp. 941, 948 (D.Minn.), *aff'd*, 103 F.3d 624 (8th Cir. 1996) (citing *Monahan*). The "bad faith or gross misjudgment" standard is, by design, very difficult for plaintiffs to meet. Accordingly, the Eighth Circuit has explained, "[s]o long as the

state officials involved have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals, we cannot believe that Congress intended to create liability under § 504." *Monahan*, 687 F.2d at 1171. "[L]iability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* (quoting *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982)).

In this case, Plaintiff introduced evidence adequate to support a finding that the School District's response to the reported harassment was negligent. By contrast, Plaintiff introduced no evidence to meet the higher bad faith or gross misjudgment standard. When Mrs. Poulton complained of harassment, but did not provide names of the offending students, the School District's failure to interview Plaintiff could be considered negligent. Ms. Nicholson's failure to ensure that Plaintiff was interviewed when Mrs. Poulton repeatedly reported harassment, coul be considered negligent. Ms. Nicholson candidly testified that he should have been interviewed, and her best recollection was that Ms. Hennessy would have done so. It did not happen. The reasons why Ms. Nicholson failed to ensure that Plaintiff was interviewed are lost to the vacuum of faded memories. Plaintiff had the burden of proof, however, and the absence of evidence does not give rise to an inference of bad faith or gross misjudgment.

Further, the undisputed evidence demonstrated that the School District took the reports seriously and acted, even if ineffectually. Dean O'Brien told Plaintiff's teachers to keep an eye out, and teacher Joe Bisek confirmed that he had received and followed the instruction. When the School District did receive names, after the May 8th assault, Dean O'Brien used his professional judgment to put a stop to the misconduct by warning the students and securing assurances of compliance. When a lunch aid witnessed students hassling Plaintiff, she escorted Plaintiff away from them. In hindsight, Mr. O'Brien's failure to more aggressively punish the students was at best, appropriate, at worst, negligent. The lunch aid's failure to the report the offending students to the dean was, at worst, negligent.

Negligence does not amount to bad faith or gross misjudgment under Section 504. On the evidence adduced at trial, the School District could possibly be charged with educational malpractice, but not with bad faith or gross misjudgment. Because Section 504 is not a general tort liability statute, the School District is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, the School District respectfully requests that the Court grant its motion for judgment as a matter of law in its entirety.

Date: September _25_, 2006

KENNEDY & GRAVEN, CHARTERED

By /s/ Peter G. Mikhail

Marie C. Skinner (#165025)
Charles E. Long (#239604)
Peter G. Mikhail (#249907)
200 South Sixth Street, Suite 470
Minneapolis, MN 55402
Telephone: (612) 337-9300
*Attorneys for Defendant*