**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Civil File No. 01-771 (JNE/JEL)

M.P., by and through his parents
And natural guardians, D.P. and K.P.,

Plaintiff,

v.

Independent School District No. 721,
New Prague,

Defendant.

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR STAY OF EXECUTION**

---

## INTRODUCTION AND BACKGROUND

On September 21, 2006, a judgment awarding $84,675 to Plaintiff was entered on the jury verdict in the above-captioned case. Execution on the judgment is automatically stayed through October 5, 2006. *See* Fed.R.Civ.P. 62(a) (mandating automatic stay for 10 days); *and* Fed.R.Civ.P. 6(a). Defendant filed a renewed motion for judgment as a matter of law, which is now pending before the Court.

Plaintiff has declined to stipulate to a stay of execution on the judgment pending this Court's resolution of Defendant's motion for judgment as a matter of law. (*Mikhail Aff.*, ¶ 2.) Defendant has proceeds available, if necessary, to pay the amount of the jury's award. (*Id.*, ¶ 3.) Defendant now seeks a modest stay, prohibiting Plaintiff from attempting to execute on the judgment while this Court considers the pending motion. Alternatively, Defendant requests permission to deposit the award with the Court until the time to file a notice of appeal has run.

## ARGUMENT

In its discretion, and on such conditions for the security of the adverse party as are proper, the Court may stay the execution of, or any proceedings to enforce, the judgment pending the Court's resolution of a renewed motion for judgment as a matter of law. Fed.R.Civ.P. 62(b). In this case, Plaintiff's ability to collect on the judgment will not be adversely affected by the granting of a stay. Plaintiff's ability to secure payment should the judgment stand is not in question. Defendant is a public entity. Further, post-judgment interest began to accrue from the date of the judgment, and will continue to accrue. Accordingly, as a matter of course it would be appropriate to temporarily stay execution while the Court considers the motion for judgment as a matter of law. If the motion for judgment as a matter of law is denied, Defendant requests that the Court stay continue until the time to file a notice of appeal has run so that Defendant may file a bond and seek a stay upon appeal. *See* Fed.R.Civ.P. 62(d).

Alternatively, the Court may grant leave for Defendant to deposit the award with the Court, pending resolution of the motion. *See* Fed.R.Civ.P. 67. Defendant makes no presumptions about how the Court might rule on the motion for judgment as a matter of law. However, if the Court were to grant the motion, Defendant's ability to secure repayment of the substantial sums involved is more doubtful. Plaintiff no doubt has good uses for the money once he obtains access to it. Therefore, if the Court declines to grant the stay, Defendant respectfully requests that it permit Defendant to deposit the award with the Court until the time to file a notice of appeal has run.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion for a stay. Alternatively, Defendant requests leave to deposit the award with the Court until time to file a notice of appeal has run.

Date: September _29_, 2006

KENNEDY & GRAVEN, CHARTERED

By ___/s/ Peter G. Mikhail___

Marie C. Skinner (#165025)
Charles E. Long (#239604)
Peter G. Mikhail (#249907)
200 South Sixth Street, Suite 470
Minneapolis, MN 55402
Telephone: (612) 337-9300
*Attorneys for Defendant*