**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

M. P., by and through
his parents and natural guardians,
K. P. and D. P.,

Plaintiffs,

-vs-

Independent School District No. 721,
New Prague, New Prague Board
of Education, Arlene Pexa, school nurse,
in her personal and representative capacity,

Defendants.

Civil File No. 01-711 (JNE/JJG)

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DISTRICT'S MOTIONS FOR JUDGMENT AS MATTER OF LAW AND TO STAY EXECUTION OF THE JUDGMENT**

## INTRODUCTION

On the 25th of September 2006, Defendant Independent School District No. 721, New Prague Public Schools ("District") renewed its motion for Judgment as a Matter of Law. On the 29th of September 2006, the District moved to stay execution of the judgment rendered in this matter on the 21st of September 2006 pending a decision on the Defendant's pending motion and during the time permitted for appeal. The Plaintiffs argue that the Motion for Judgment as a Matter of Law should be denied as the evidence presented to the jury was sufficient to sustain the preponderance of the evidence standard as it related to the actions or inactions of the District in light of the disclosed disability discrimination and harassment taking place within the New Prague High School.

Defendant requested a stay in the execution of the judgment pending a decision by this Court on its motion and on any subsequent appeals. The Plaintiffs oppose such a stay because the Defendant's motion for judgment as a matter of law is without merit and

appears as an effort to continue to delay a reasonable conclusion to six years of protracted litigation in this matter.

## ARGUMENT

The record before the jury provided facts sufficient to supports its conclusion that the District acted in bad faith or with gross misjudgment consistent with the standard articulated in *Monahan v. State of Nebraska*, 687 F.2d. 1164 (8th Cir. 1982). The Defendant argues for the application of a bad faith or gross misjudgment standard that defies the preponderance of the evidence burden of proof and persuasion and rises to a level of a beyond a reasonable doubt evidentiary standard.

In support of its argument, the District offers a recitation of colourable facts that have been filtered through Defendant's lens and thus lost all of the flavour of the administrative arrogance that drove the disregard for its own policies and procedures and Matthew's rights to an education free from discrimination and harassment.

### I. PLAINTIFFS' MET THE BAD FAITH OR GROSS MISJUDGMENT STANDARD REQUIRED TO SUSTAIN THE VERDICT.

The Defendant argues in its brief that the liability is imposed "only when the decision by the professionals is a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible did not base the decision on such judgment." *Monahan v. State of Nebraska*, 687 F.2d 1164, 1171 (8th Cir. 1982).[1] The District acknowledges that the standard is "very difficult for plaintiffs to

---

[1] Thereafter, the United States Supreme Court in *Alexander v. Choate*, 469 U.S. 287, 105 S.Ct. 712 (1985) held that intentional discrimination (e.g., malice or bad faith) need not be demonstrated to sustain a Section 504 disability discrimination claim. The Court in *Alexander* took specific care to illuminate the legislative history to support its position:

> . . . [d]iscrimination against the handicapped was perceived by Congress to be most often the product of, not an invidious animus, but rather if thoughtlessness and indifference - of benign neglect.

meet." *Brief* at 5. However, in this instance, the Plaintiffs did meet that burden. As the Eighth Circuit Court of Appeals acknowledged in its initial remand in this matter:

> Once could therefore find that the District acted in bad faith or with gross misjudgment on the basis of its failure to return M.P.'s repeated phone calls regarding the safety of her son, the school administrators' proposals to either drastically alter M.P.'s school day or send him to an alternative school for behaviorally troubled students, and the District's assurance that it could cover the costs of M.P.'s transportation to the Northfield School District, and rescission of that offer once M.P. had enrolled in Northfield.

*M.P. v. ISD No. 721, New Prague*, 326 F.3d 975, 982 (8th Cir. 2003).

The Plaintiffs sustained their burden in each of these areas by presenting evidence to support findings that the District did not return repeated telephone calls, the District proposed solutions that drastically altered Matthew's school day or placed him in an "at-risk" program, and the District did rescind its offer to transport Matthew after he became enrolled in the District. While these facts may be the subject of conflicting evidence on the trial record, those facts as understood by the Plaintiffs were presented to the jury. In reviewing the record, a court is required to view all evidence in the light most favourable to the party opposing the motion and a court may not make credibility determinations or weigh the evidence that was presented during the trial. *Galloway v. United States*, 319 U.S. 372, 63 S.Ct. 1077 (1943); *Jackson v. State of Alabama State Tenure Com'n.*, 405 F.3d 1276 (11th Cir. 2005). Nevertheless, the Defendant's urge this Court to examine the

---

*Alexander*, *supra,* 105 S.Ct. at 717. The Supreme Court, in a lengthy analysis, cited specific testimony from individual legislators who sponsored the Act. *Id*. Supporting the position of the legislators, the Supreme Court additionally cites to federal agencies and commentators who concurred. *Id*. at 718. And Senator Humphrey, again in introducing the proposal that later became § 504 listed, among the instances of discrimination that the section would prohibit, the use of 'transportation and architectural barriers,' the 'discriminatory effect of job qualification . . . procedures," and the denial of "special educational assistance' for handicapped children.
*Id.* at 718.

facts not to determine their sufficiency but to usurp the jury process by resolving the disputed facts, alter the weight given to specific evidence and, implicitly, make credibility determinations regarding the testimony that was proffered.

The 8th Circuit Court of Appeals in the same *M.P.* decision found that bad faith or gross misjudgment could also be found "when it failed to take appropriate action to protect M.P.'s academic and safety interests after the disclosure . . ." *Id*. Once again, the evidence before the jury was sufficient to find that the District did not take appropriate action to protect Matthew and, instead, responded with blaming Matthew's disability, punishing him with alternatives that excluded him from the environment, rescinding an agreement to transport not to mention that substantial lapse in any investigation into the allegations.

The question before this Court is whether the evidence presented during the trial was sufficient to support the verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505 (1986). The Court in *Anderson* found:

> If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict-"whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed."

*Anderson*, 477 U.S. at 252 (citations omitted).

In the instant case, the plaintiffs produced facts sufficient to sustain the preponderance of the evidence requirement and upon which a reasonable jury could base

its decision. Two operable lines of evidence, in addition to all of the evidence produced to the jury, provide clear support for the sufficiency of the evidence: 1) the Defendant's departure from its own written policies and procedures in M.P.'s case; and 2) the testimony of Dan O'Brien during which the accepted professional standards from which the District departed were illuminated. These lines of inquiry were supplemented with significant testimony regarding the manner in which Matthew and his family was treated by the District administration. Perhaps the most damning facts supporting a finding of bad faith, unfortunately supported by the Defendant's trial strategy, were the effort to blame Matthew's disability without any appreciable evidence of a modest inquiry into the harassment allegations.

The facts before the jury in totality support not a bland indifference to Matthew's rights or an excusable neglect but rather an active malice toward following policies and procedures and protecting the rights of a student with a serious mental health impairment.

## II. EXECUTION OF THE JUDGMENT SHOULD NOT BE STAYED WHILE THE DEFENDANT PURSUES ADDITIONAL APPEALS.

Federal Rule of Civil Procedure, Rule 62(d) clearly favours a delay in the enforcement of a monetary judgment wherein a defendant is in the act of appealing a decision. However, no such appeal has been taken. While admittedly the Defendant could reasonably argue that "the better part of valour is discretion" with respect to the execution of the judgment, however, it is noteworthy that this phrase uttered by Falstaff in Shakespeare's *King Henry the Fourth, Part One*, was a reflection upon his own actions of cowardice in which he played dead on the battlefield in order to avoid personal danger (V, iv, 119). Similarly, the Defendant seeks a "modest stay" to avoid its ultimate

responsibility to this family and to bring to a close six years of a hard fought, modest victory. Further delays in the final resolution of this matter should not be countenanced.

## CONCLUSION

Plaintiffs request that the Defendant's motions be denied in their entirety.

Respectfully submitted,

**KANE EDUCATION LAW, LLC.**

Dated: 9 October 2006

By: /s/ Margaret O'Sullivan Kane

Margaret O'Sullivan Kane /ID # 220243
Attorney for Plaintiffs
1654 Grand Avenue
Suite 200
Saint Paul, Minnesota 55105
651/222-8611