**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

M. P., by and through
his parents and natural guardians,
K. P. and D. P.,

Plaintiffs,

-vs-

Independent School District No. 721,
New Prague, New Prague Board
of Education,

Defendants.

Civil File No. 01-711 (JNE/JJG)

**AFFIDAVIT OF MARGARET O'SULLIVAN KANE**

STATE OF MINNESOTA )
) ss
COUNTY OF RAMSEY )

Margaret O'Sullivan Kane, being duly sworn on oath deposes and states the following:

1. I am the attorney representing the above-named Plaintiffs in their application for attorneys' fees, costs and disbursements.

2. I represented Plaintiffs from the initiation of a special education administrative hearing in November 2000 to a successful jury verdict in September 2006. During this time, my representation included several dispositive motions before the United States District Court that resulted in appeals to the Eighth Circuit Court of Appeals, wherein the Plaintiffs were able to successfully reverse summary dispositions of the disability discrimination claims.

3. As a result of the significant time required to pursue the trial, appeals and reversals, the Plaintiffs have incurred the substantial attorneys' fees, costs and disbursements in the total amount of $276,749.48, which represents 597.75 hours at

$200.00 per hour ($119,590.00) in the representation of the Plaintiffs through the appeals of the administrative hearing, discovery, the first dispositive motion and appeal. *Exhibit No. 1*. The total also represents 591.02 hours at $250.00 per hour in the representation of the Plaintiffs after September 2003 through the second dispositive motion, appeal and jury trial. *Exhibits No. 2 and 3*. The three invoices represent the fees, costs and disbursement with the addition of the unbilled expenses set forth in ¶ 13, *supra.* The Plaintiffs are requesting a total amount of fees, costs and disbursements in the amount of $306,646.98, representing a lodestar amount of $250.00 at the current for the initial billing period represented on invoice no. 1026. *Exhibit No. 1.*

4. I specifically reviewed my professional billable hours and redacted all hours that could be reasonably related to the pursuit of claims against Arlene Pexa, the defendant who was later voluntarily dismissed from the action.

5. I have reviewed the professional billable hours and costs from the 31st of December 2000 to the 29th of September 2006 that were incurred on behalf of the Defendants in this case. The professional billable hours expended on behalf of the defendants were approximately 1,355 which is based on an average hourly rate (between the three defendants' attorneys of $160.00 – Skinner $165.00; Long $165.00; Mikhail $150.00).

6. I am a 1991 graduate of William Mitchell College of Law, and was admitted to the Minnesota State Bar in 1991. I am also admitted to the U.S. District Court of Minnesota, Eastern and Western District Courts of Wisconsin and the Eighth Circuit Court of Appeals. From March 1993 to the present, I have maintained a private practice and have provided representation in the areas of sexual, racial and disability

discrimination. My representation in the area of education law began in 1994, and I continue to provide representation in this area of the law to children and their families. My practice has included successful representation of families and children at the state, federal and appellate courts, including the recent jury trial.

7. In addition to my private practice, I have been teaching Education Law at William Mitchell College of Law as an adjunct professor each year for approximately six years.

8. Education law is a highly specialized area of litigation. In order to successfully practice education law on behalf of students and their families, not only must plaintiffs' counsel confront the significant inequity of resources between the family seeking relief and the government that funds the schools' representation, but also the initial analysis and presentation of the case must include specific consideration of the students' and families' rights under the United States Constitution and its Amendments, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, Minnesota Human Rights Act, students and families privacy rights and rights to access to governmental data under the Family Educational Right to Privacy Act and the Minnesota Government Data Practices Act.

9. The analysis, preservation and presentation of the child's claims was, until recently when the United States Congress added an additional 30 days for a mandatory Resolution Session to take place, to be completed within 45 days from the date the request is made to the Minnesota Department of Education without the benefit of discovery. Having litigated cases in state and federal court to their fruition in different areas of education law, there is little difference in the litigation skills required in a state administrative hearing and those that are demanded in all other fora. In fact, without the

benefit of discovery and the significant time accorded counsel in state and federal proceedings, special education litigators must develop the additional skill of performing discovery and cold cross-examination while successfully litigating against, more often than not, two or more attorneys representing the school districts.

10. I am personally unaware of any plaintiffs' attorneys who specialize in education law wherein matters of discrimination in the public school setting are litigated in the federal courts. I am aware that my prior law partner, Amy J. Goetz, does exclusively represent plaintiffs in special education and education related matters, however, it is my understanding that she has never fully litigated to trial any education-related claims. All other attorneys who are known to me to specialize in education law are defense counsel.

11. I have made reasonable efforts to settle the attorneys' fees and costs in this matter but the District has declined to consider any settlement that would encompass the payment of attorneys' fees and costs.

12. Attached to this affidavit are true and correct copy of the attorneys' fees, costs and disbursements incurred by the Plaintiffs as reflected in invoices 1026, 173 and 40, (*Exhibits 1,2, and* 3), Dr Lea Hogan's expert witness fees (*Exhibit No. 4*), and the Defendant's Rule 68 Offer of Settlement (*Exhibit 5*).

13. In addition to this amount, the Plaintiffs have incurred the additional costs and disbursements in the amount of $1,212.43 representing the following items which were not reflected on the invoice numbered 173:

Courier

| | | |
|---|---|---|
| 10/06/03 | Metro Legal | $23.00 |
| 4/6/2004 | Metro Legal | $40.00 |
| 4/6/2004 | Metro Legal | $86.11 |
| 4/7/2004 | Metro Legal | $28.00 |

Printing/Binding

| | | |
|---|---|---|
| 4/25/05 | Appellants Brief | $778.36 |
| 5/31/05 | Reply Brief | $296.96 |

Total $1,212.43

13. On the 8th of November 2006, the Plaintiffs made one last attempt to resolve the fees, costs and disbursements, foregoing a lodestar amount, reducing the fees and costs by 15% and waiving the fees associated with defending the Motion for Judgment NOV. *Exhibit 6.* The Defendant responded through counsel, Marie Skinner, by telephone categorically declining the engage in any settlement discussions whatsoever.

14. Plaintiffs have incurred additional fees in responding to the Motion for Judgment NOV and this application for fees, costs and disbursements in the amount of $3,937.50 representing 15.75 hours at $250.00.

Subscribed and sworn to before me
this ____day of November, 2006.

/s/ Margaret O'Sullivan Kane
Margaret O'Sullivan Kane/ID #220243

______________________________
Notary Public