**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

M.P., by and through his parents and natural guardians, K.P. and D.P.,

Plaintiffs,

Case No. 01-771 (JNE/JJG)

-vs-

**AFFIDAVIT OF MARIE C. SKINNER**

Independent School District No. 721, New Prague, New Prague Board of Education,

Defendant.

State of Minnesota )
) ss:
County of Hennepin )

Marie C. Skinner, being first duly sworn upon oath, states:

1. I am one of the attorneys representing Defendant, and make this affidavit in support of Defendant's Response In Opposition To Plaintiffs' Application for an Award and Approval of Fees and Expenses.

2. I have been involved in settlement negotiations with Plaintiffs' counsel over the course of this litigation. In 2001 we participated in a settlement conference. The Plaintiffs' demand ranged from $900,000.00 to $500,000.00.

3. Attached as Exhibit A is a true and correct copy of a letter sent to me by Plaintiffs' counsel dated August 3, 2006 with Plaintiffs' settlement position.

4. On August 4, 2006 I met with Plaintiffs' counsel and her clients to attempt a settlement of the case. The Plaintiffs' initial demand that day was just under $1,000,000.00, which they lowered to approximately $600,000.00.

5. Attached as Exhibit B is a true and correct copy of a letter sent to me by Plaintiffs' counsel dated August 17, 2006 with their counter-offer to Defendant's settlement offer.

6. Attached as Exhibit C is a true and correct copy of Defendant's Rule 68 Offer of Judgment dated August 18, 2006.

7. Attached as Exhibit D is a true and correct copy of a letter sent to me by Plaintiffs' counsel dated August 21, 2006 with Plaintiffs' response to the Rule 68 Offer.

8. On September 6, 2006, the parties met with the Magistrate Judge in a final attempt to settle this matter. The parties remained hundreds of thousands of dollars apart. Because the parties were unable to come to any agreement, the matter proceeded to trial.

Further your affiant sayeth naught.

Dated: December 1, 2006

/s/ Marie C. Skinner
Marie C. Skinner

Subscribed and sworn to before me
this 1st day of December, 2006.

/s/ Barbara Carroll
Notary Public

# KANE EDUCATION LAW, LLC

MARGARET O'SULLIVAN KANE

ATTORNEY AT LAW

***FOR SETTLEMENT PURPOSES ONLY***

3 August 2006

**VIA FACSIMILE AND U.S. MAIL**

Marie C. Skinner
Charles E. Long
Kennedy & Graven
470 U.S. Bank Plaza
200 South Sixth Street
Minneapolis, Minnesota 55402

Re: **M. P., *et al.* v. ISD No. 721, New Prague, *et al.***
**Civil File No. 01-771 (DSD/SRN)**

Dear Ms Skinner:

Enclosed accept this correspondence as Matthew Poulton's settlement position in the above-referenced matter.

1. Reimbursement for transportation and out-of-pocket expenses in the amount of $14,465.03 ($13,305.60 in travel reimbursement and $1,159.43 for travel to St. Louis);
2. Reimbursement to the Parent's for lost wages in the amount of $30,685.00 because the Parent transported Matthew she lost her job for which she was being paid 9.50/ hr. At the time of the incident, Ms Poulton was employed as a Chiropractic assistant with New Prague Family Chiropractic but because of the need to transport Matthew she lost that position;
3. Mandatory education and training of all District personnel for disability discrimination (50 billable hours available to pay for the in-servicing and training) with a trainer and program developed by the trainer designated by the Plaintiffs;
4. A written apology from the Board of Education for what took place with Matthew;
5. A memorandum circulated to all District staff, a copy of which is to be provided to the Poultons and their attorney, explaining that the disclosure was inappropriate, the disclosure was not the fault of the disabled child, and the manner in which this matter was handled by District administration was improper and not consistent with the District's policy against disability discrimination and harassment, including student-to-student;

1654 GRAND AVENUE, SUITE 200 SAINT PAUL, MINNESOTA 55105
TELEPHONE 651/222-8611 FACSIMILE 651/221-2623
WEBSITE www.kaneeducationlaw.com EMAIL mkane@kaneeducationlaw.com

EXHIBIT
A

Marie Skinner
3 August 2006
Page Two

6. Development and circulation of policies and procedures regarding investigation and remediation of disability discrimination and harassment, including student-to-student;
7. On-going therapeutic counseling for Matthew and the family in the amount of 100 hours to be paid by the District;
8. $500,000.00 to Matthew in the form of compensatory damages;
9. $250,000.00 to the Poulton family for compensatory damages;
10. Attorneys' fees and costs to be paid by the District in the amount of $175,382.00.

In light of the decisions in this case and the damage that has been done to Matthew and his family, we believe this offer represents a reasonable settlement of all of the outstanding claims.

Respectfully,

Margaret O'Sullivan Kane

cc: Poultons

mok:dbs

KANE EDUCATION LAW, LLC

MARGARET O'SULLIVAN KANE

ATTORNEY AT LAW

RECEIVED AUG 18 2006

***FOR SETTLEMENT PURPOSES ONLY***

17 August 2006

**VIA FACSIMILE AND U.S. MAIL**

Marie C. Skinner
Charles E. Long
Kennedy & Graven
470 U.S. Bank Plaza
200 South Sixth Street
Minneapolis, Minnesota 55402

**Re: M. P., *et al.* v. ISD No. 721, New Prague, *et al.***
**Civil File No. 01-771 (DSD/SRN)**

Dear Ms Skinner:

Thank you for the offer of settlement provided to me during our meeting regarding stipulations to exhibits and facts. The Poultons have authorized me to provide you with this counter-offer. However, please note that this offer is available for five (5) calendar days. The reason your client's response is requested in such short order is because of the significant time and resources that are being dedicated to preparing for the trial scheduled to start on the 5th of September. In addition, the emotional and psychological strain of this family and their friends having to re-live what took place will, no doubt, result in a hardening of their position. I would also like to let your client know that we have several students who attended school with Matthew who will be testifying on his behalf which will interrupt their lives including one student who is about to leave the country on his second term in missionary work but who is willing to delay his departure to testify and a second student who will be flown in from another state to provide testimony. As a consequence, the Poultons have agreed to the following terms to resolve all outstanding issues:

1. Reimbursement for transportation and out-of-pocket expenses in the amount of $14,465.03 ($13,305.60 in travel reimbursement and $1,159.43 for travel to St. Louis);
2. Mandatory education and training of all District personnel for disability discrimination (50 billable hours available to pay for the in-servicing and training) with a trainer and program developed by the trainer designated by the Plaintiffs;
3. A written apology from the Board of Education for what took place with Matthew;

1654 GRAND AVENUE, SUITE 200 SAINT PAUL, MINNESOTA 55105
TELEPHONE 651/222-8611 FACSIMILE 651/221-2623
WEBSITE www.kaneeducationlaw.com EMAIL mkane@kaneeducationlaw.com

EXHIBIT
tabbies
B

4. A memorandum circulated to all District staff, a copy of which is to be provided to the Poultons and their attorney, explaining that the disclosure was inappropriate, the disclosure was not the fault of the disabled child, and the manner in which this matter was handled by District administration was improper and not consistent with the District's policy against disability discrimination and harassment, including student-to-student;
5. Development and circulation of policies and procedures regarding investigation and remediation of disability discrimination and harassment, including student-to-student;
6. On-going therapeutic counseling for Matthew and the family in the amount of 100 hours to be paid by the District;
7. $250,000.00 to the Poulton family for compensatory damages;
8. Attorneys' fees and costs to be paid by the District in the amount of $225,000.00.

Thank you for your time and immediate consideration to this offer.

Respectfully,

Margaret O'Sullivan Kane

cc: Poultons

mok:dbs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| M.P., by and through his parents<br>And natural guardians, D.P. and K.P.,<br><br>Plaintiff,<br><br>v.<br><br>Independent School District No. 721,<br>New Prague,<br><br>Defendant. | Civil File No. 01-771 (JNE/JEL)<br><br>**RULE 68 OFFER OF JUDGMENT** |

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant hereby offers to allow judgment to be taken against it, and in favor of the Plaintiff, in the sum of One Hundred One Thousand and No/100 Dollars ($101,000.00), which sum includes reasonable attorneys' fees, costs, and disbursements now accrued. Should this offer not be accepted in writing within ten (10) days, it shall be deemed withdrawn.

Date: August 18, 2006

KENNEDY & GRAVEN, CHARTERED

By [signature]

Marie C. Skinner (#165025)
Charles E. Long (#239604)
Peter G. Mikhail (#249907)
200 South Sixth Street, Suite 470
Minneapolis, MN 55402
Telephone: (612) 337-9300
*Attorneys for Defendant*

EXHIBIT
tabbles
C

KANE EDUCATION LAW, LLC

RECEIVED
AUG 22 2006

MARGARET O'SULLIVAN KANE
ATTORNEY AT LAW

***FOR SETTLEMENT PURPOSES ONLY***

21 August 2006

**VIA FACSIMILE AND U.S. MAIL**

Marie C. Skinner
Charles E. Long
Peter G. Mikhail
Kennedy & Graven
200 South Sixth Street, Suite 470
Minneapolis, Minnesota 55402

**RE: M. P., *ET AL.*. v. INDEPENDENT SCHOOL DISTRICT NO. 721, NEW PRAGUE, *ET AL.***
**CIVIL FILE NO. 01-771 (JNE/JGG)**
**RULE 68 OFFER**

Dear Ms Skinner, Mr Long, and Mr Mikhail:

Thank you for your Rule 68 Offer of Judgment. Please accept this correspondence as the Poultons' response to the Rule 68 Offer. As you are aware, Section 504 of the Rehabilitation Act and the Minnesota Human Rights Act contain attorneys' fees and costs shifting provisions for which attorneys' fees and costs may be awarded to the prevailing party. Your offer has included "reasonable attorney fees, costs, and disbursements now accrued." The question that must be addressed is whether your client can now leverage the fees and costs incurred by the Plaintiffs against a substantive settlement offer for the underlying merits of the claim. The answer to this question has been rendered more difficult by your insistence that of a lump sum offer without designating to what claims the offer is being made. However, I believe that difficulty is yours to wrangle at the time that judgment is entered at the conclusion of the jury trial and, assuming, that the Plaintiffs prevail in any meaningful respect, at a fees petition.

Thus, your offer must be categorically rejected. The Rule 68 Offer must be rejected because your client is attempting to leverage a substantive settlement against the extensive fees and costs associated with litigating these claims up through the 8th Circuit Court of Appeals successfully on two separate occasions. In addition, assuming for the moment that the fees and costs were not made a part of this offer, the offer of $101,000.00 to address the underlying substantive claims is insufficient.

Marie C. Skinner
Charles E. Long
Peter G. Mikhail

It is unfortunate that your client has taken the position to foreclose any further settlement discussions as I believe the financial consequences to the school district and the unsuspecting taxpayers will be significant in terms of your clients' fees and costs which will no doubt well exceed the offer made at the conclusion of litigation, even assuming that your client ultimately prevails. At some point, the tide may turn in the future and the taxpaying base will recognize either through the media, a district budget report or the Auditor's Office that significant funds are being used to litigate these matters rather than attempting to reach a reasonable resolution. With that said, please note that my clients remain open to any further discussions to resolve these claims at any time in the future.

If you have any questions regarding the information contained within this document, please do not hesitate to contact my office. Thank you for your time and consideration to this information and, on the eve of this important litigation for all involved, I wish you and your client the sincerest of luck and look forward to matching claims, defenses and wits with such formidable opponents.

Respectfully,

Margaret O'Sullivan Kane

cc: Poultons

mok:dbs