UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

M.P., by and through his
parents and natural guardians,
K.P. and D.P.,

Plaintiffs,

v.

Civ. No. 01-771 (JNE/JJG)
ORDER

Independent School District No. 721,
New Prague,

Defendant.

---

Margaret O'Sullivan Kane, Esq., Kane Education Law, LLC appeared for M.P., by and through his parents and natural guardians, K.P. and D.P.

Marie C. Skinner, Esq., and Peter G. Mikhail, Esq., Kennedy & Graven, Chartered, appeared for Independent School District No. 721, New Prague.

---

M.P., by and through his parents and natural guardians, K.P. and D.P. (Plaintiffs), brought this action against his former school district, Independent School District No. 721, New Prague (the School District), alleging, among other things, a claim under Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 701-796 (2000) (Section 504). M.P.'s claims arose when he began to experience increased verbal and physical assaults and discrimination by fellow students following the disclosure by one of the School District's nurses that he was schizophrenic. The Section 504 claim came before the Court for a trial by jury, which, on September 15, 2006, rendered its verdict in favor of Plaintiffs and awarded damages totaling $84,675.00. Judgment was entered on September 21, 2006.

On September 25, 2006, the School District filed a motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50, claiming that there was no legally sufficient evidentiary basis for the jury to find that the School District had acted in bad faith or with gross

misjudgment. The School District then filed a motion for stay of execution of the judgment pursuant to Federal Rule of Civil Procedure 62(b) on September 29, 2006. On November 13, 2006, Plaintiffs filed a motion for attorney fees and expenses pursuant to Section 504. The issues have been fully briefed and the matters are ready for resolution.

## I. DISCUSSION

### A. The School District's renewed motion for judgment as a matter of law

The School District seeks a judgment as a matter of law under Federal Rule of Civil Procedure 50. The School District argues that a plaintiff must establish "either bad faith or gross misjudgment . . . before a Section 504 violation can be made out, at least in the context of education of handicapped children." *Monahan v. State of Nebraska*, 687 F.2d 1164, 1171 (8th Cir. 1982). According to the School District, Plaintiffs failed at trial to establish a legally sufficient evidentiary basis for the jury to find bad faith or gross misjudgment on the part of the School District as required by *Monahan*.

Judgment as a matter of law is appropriate "if there is no legally sufficient evidentiary basis for a reasonable jury to find for" the non-moving party. Fed R. Civ. P. 50(a)(1). In weighing the School District's renewed motion, the Court "must determine whether there was sufficient evidence to support the jury's verdict." *E.E.O.C. v. Kohler Co.*, 335 F.3d 766, 772 (8th Cir. 2003) (citing *Cardenas v. AT & T Corp.*, 245 F.3d 994, 998 (8th Cir. 2001)). "A jury's verdict must be affirmed 'unless, viewing the evidence in the light most favorable to the prevailing party, we conclude that a reasonable jury could not have found for that party.' When reasonable persons could differ as to the conclusion to be drawn from the evidence, the motion must be denied." *Kohler*, 335 F.3d at 772 (quotation and citations omitted). In addition, the Eighth Circuit has held that consideration of a renewed motion for judgment as a matter of law

should be limited to evidence favorable to the non-moving party. *Dace v. ACF Industries, Inc.*, 722 F.2d 374, 377 (8th Cir. 1983).

The School District concedes that Plaintiffs introduced sufficient evidence to support a finding that the School District was negligent, but argues that there was no evidence presented that would support the higher standards of bad faith or gross misjudgment. During trial, evidence was presented that the School District failed to return phone calls regarding the harassment directed toward M.P., failed to interview M.P. regarding the complaints of harassment, departed from its own written policies and procedures in handling M.P.'s case, and rescinded its offer to assist transporting M.P. to a neighboring school district once he became enrolled in that district. Viewing the evidence in the light most favorable to Plaintiffs, the Court concludes that reasonable jurors could differ as to whether the evidence established that the School District acted either in bad faith or with gross misjudgment. Accordingly, the Court denies the School District's renewed motion for judgment as a matter of law.

**B. The School District's motion for stay of execution**

Pursuant to Federal Rule of Civil Procedure 62(b) and (d), the School District seeks a stay of execution of the judgment until either its renewed motion for judgment as a matter of law is granted, or the time to file a notice of appeal has run.[1] As the Court has just denied the School District's renewed motion for judgment as a matter of law, the Court considers the School District's request to stay execution of judgment until the time to file a notice of appeal has run.

Federal Rule of Civil Procedure 62(b) provides the Court discretion to "stay the execution of or any proceedings to enforce a judgment pending the disposition of . . . a motion

[1] Under Federal Rule of Appellate Procedure 4(a)(4), the thirty day period of time in which the School District may file a notice of appeal runs from the Court's entry of the order disposing of the School District's renewed motion for judgment as a matter of law.

for judgment in accordance with a motion for directed verdict made pursuant to Rule 50." Section (d) of the Rule addresses stays upon appeal and provides that "[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay . . . effective when the supersedeas bond is approved by the court." Although the School District's Rule 50 motion for judgment as a matter of law has been disposed of, the School District requests that the Court stay execution of judgment until the time to file a notice of appeal has run so that the School District may file a bond and seek a stay upon appeal under Rule 62(d). In considering motions for a stay of execution brought pursuant to Rules 62(b) and (d), courts have ordered stays that extended beyond the disposition of the post trial motion through the time in which a notice of appeal could be filed. *See, e.g.*, *Minn. Supply Co. v. Raymond Corp.*, Civ. No. 99-832, 2003 WL 22697961 (D. Minn. Nov. 13, 2003). In this case, Plaintiffs' ability to secure payment should not be jeopardized as the defendant is a public entity. Considering the short time period that the stay will be in effect and the School District's stated intention to seek a stay upon appeal under Rule 62(d), the Court grants the School District's motion. This stay shall take immediate effect and continue through the period of time in which the School District can file a notice of appeal from the judgment.

**C. Plaintiffs' motion for an award of fees and expenses**

Plaintiffs seek reasonable attorney fees and expenses pursuant to Section 504, which provides in relevant part:

> In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

29 U.S.C. § 794a(b). The Eighth Circuit has held that a plaintiff cannot qualify as a prevailing party under 29 U.S.C. § 794a(b) "if the only basis for his claim of success on the merits is a

judgment that has been reversed on appeal." *Pottgen v. Mo. State High School Activities Ass'n*, 103 F.3d 720, 723-4 (8th Cir. 1997). Although the School District has not yet filed a notice of appeal, it has indicated its intention to do so in its memorandum in support of its motion for a stay of execution. Given the possibility that the underlying judgment will be appealed by the School District, the Court questions whether Plaintiffs' motion for fees and expenses is premature.

Addressing an application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (2000) in *Harmon v. United States*, 101 F.3d 574, 587 (8th Cir. 1996), the Eighth Circuit considered whether a litigant may apply for attorney fees as the prevailing party before a judgment is final and no longer appealable. The Eighth Circuit stated "[w]e believe the better course of action is for the district court to refrain from passing on the question of attorney fees until the litigation is final." *Id.* In this manner, "the district court may avoid deciding an issue that may become moot if the [defendant] prevails on appeal." *Id.* Heeding the Eighth Circuit's advice, the Court will stay Plaintiffs' motion pending the outcome of the School District's appeal of the judgment or, if the School District does not appeal the judgment, after the time in which to file a notice of appeal has run.

## II. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The School District's Motion for Judgment as a Matter of Law [Docket No. 108] is DENIED.

2. The School District's Motion for Stay [Docket No. 112] is GRANTED.

3. Plaintiffs' Motion for Attorney Fees and Expenses [Docket No. 119] is STAYED and will be heard following the outcome of the School District's appeal of the judgment or, if the School District does not appeal the judgment, after the time in which to file a notice of appeal has run.

Dated: December 14, 2006

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge