UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

M.P., by and through his
parents and natural guardians,
K.P. and D.P.,

Plaintiff,

v.

Civil No. 01-771 (JNE/JJG)
ORDER

Independent School District No. 721,
New Prague,

Defendant.

Plaintiff brought this action against his former school district, Independent School District No. 721 (District), and the District's health paraprofessional. Plaintiff alleged violations of the Individuals with Disabilities Education Act (IDEA); Section 504 of the Rehabilitation Act; the Minnesota Human Rights Act; the Fourteenth Amendment; the Minnesota Government Data Practices Act; and the Family Rights and Privacy Act. In May 2002, the Court dismissed his claims. *M.P. v. Indep. Sch. Dist. No. 721* (*M.P. I*), 200 F. Supp. 2d 1036, 1045 (D. Minn. 2002), *aff'd in part and remanded*, 326 F.3d 975 (8th Cir. 2003). Plaintiff appealed the dismissal of the claims under the IDEA, the Rehabilitation Act, and 42 U.S.C. § 1983 (2000). The Eighth Circuit remanded the Rehabilitation Act claim but otherwise affirmed. *M.P. v. Indep. Sch. Dist. No. 721* (*M.P. II*), 326 F.3d 975, 977 (8th Cir. 2003). On remand, the Rehabilitation Act claim against the District remained. The District moved to dismiss claim for lack of subject matter jurisdiction, and the Court granted the motion. The Eighth Circuit reversed and remanded. *M.P. v. Indep. Sch. Dist. No. 721* (*M.P. III*), 439 F.3d 865, 867 (8th Cir. 2006). A jury trial yielded a verdict in favor of Plaintiff and an award of $84,675 in damages. Plaintiff now moves for

attorney fees and costs in the amount of $310,584.48. For the reasons set forth below, the Court awards $147,141.60.

Plaintiff relies on 29 U.S.C. § 794a (2000) to support the request for a fee award. That section states in part: "In an action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b). The District acknowledges that Plaintiff is a "prevailing party" but contends that the fee request is excessive.

To calculate an award of reasonable attorney fees, a court uses as a starting point "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* In addition, hours not "reasonably expended" must be excluded from the initial calculation. *Id.* at 434. The court may adjust the fee calculation based on several factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 434 n.9 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). The initial calculation usually accounts for many of the factors. *Id.* Explicit and exhaustive

analysis of the factors is not required in every case. *Griffin v. Jim Jamison, Inc.*, 188 F.3d 996, 997 (8th Cir. 1999).

Where, as here, a plaintiff succeeds on some, but not all, of his claims for relief, the "results obtained" factor is "particularly crucial." *Hensley*, 461 U.S. at 434. Two questions must be addressed: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.* A court should exclude hours spent on an unsuccessful claim that is distinct from successful claims. *Id.* at 434-35, 440. "Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.* at 440; *see, e.g.*, *Simpson v. Merchs. & Planters Bank*, 441 F.3d 572, 580-81 (8th Cir. 2006); *Emery v. Hunt*, 272 F.3d 1042, 1046-48 (8th Cir. 2001); *Wal-Mart Stores, Inc. v. Barton*, 223 F.3d 770, 772-74 (8th Cir. 2000).

Plaintiff seeks attorney fees in the amount of $301,175. This amount is the product of 1,204.70 hours and an hourly rate of $250. According to Plaintiff's counsel, Margaret O'Sullivan Kane, the hours claimed exclude those "reasonably related to the pursuit of claims" against the District's health paraprofessional. The hours claimed include 119.50 hours from September 6, 2000, to March 9, 2001, for proceedings before the Minnesota Department of Children, Families and Learning; 215.75 hours from April 9, 2001, to May 15, 2002, for proceedings that culminated in *M.P. I*; 259.95 hours from June 13, 2002, to July 3, 2003, for the appeal that yielded *M.P. II*; 79 hours from July 14, 2003, to January 3, 2005, for proceedings on

remand; 167 hours from January 10, 2005, to March 13, 2006, for the appeal that produced *M.P. III*; and 363.50 hours from March 14, 2006, to November 13, 2006, for proceedings on remand, including the trial and post-judgment motions. The Court concludes that the hours claimed were reasonably devoted to the litigation.[1]

As to a reasonable hourly rate, it "is usually the ordinary rate for similar work in the community where the case has been litigated." *Emery*, 272 F.3d at 1048. In determining a reasonable hourly rate, a district court may rely on its own knowledge of prevailing market rates. *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005). The Court concludes that $220 per hour is a reasonable hourly rate. *See M.M. v. Special Sch. Dist. No. 1*, Civ. No. 05-2270, 2006 WL 2571229, at *1 (D. Minn. Sept. 5, 2006); *J.T. v. Indep. Sch. Dist. No. 701*, Civ. No. 05-1640, slip op. at 8 (D. Minn. Apr. 17, 2006). Application of this rate to the hours reasonably devoted to the litigation yields an initial calculation of $265,034 in reasonable attorney fees.

The initial calculation accounts for the entire litigation against the District, and as noted above, Plaintiff prevailed on only one of the several claims initially advanced.[2] Thus, the Court considers whether a reduction is warranted. *See Hensley*, 461 U.S. at 440. Through the first appeal, the principal claims were those under the IDEA and the Rehabilitation Act. In this case,

---

[1] To recover fees incurred on appeal, Plaintiff should have filed a motion in the Eighth Circuit. *See* 8th Cir. R. 47C(a); *Little Rock Sch. Dist. v. Arkansas*, 127 F.3d 693, 696 (8th Cir. 1997). The Court nevertheless exercises its discretion to include fees incurred on appeal in the fee award. *See Little Rock Sch. Dist.*, 127 F.3d at 696-97.

[2] The Court notes that some of Plaintiff's claims plainly lacked merit. *E.g.*, *M.P. II*, 326 F.3d at 977 (deeming section 1983 claims to be "without merit"); *M.P. I*, 200 F. Supp. 2d at 1045 (stating that Minnesota Government Data Practices Act does not impose civil liability on individuals; noting Plaintiff's apparent concession that the Family Rights and Privacy Act does not create a private cause of action). The Court has admonished Plaintiff's counsel on multiple occasions of the adverse consequences of "shotgun" and "kitchen sink" pleadings. *E.g.*, *Larson v. Indep. Sch. Dist. No. 361*, Civ. No. 02-3611, 2004 WL 432218, at *20 (D. Minn. Mar. 2, 2004). The Court reiterates its concerns here.

the former is "wholly unrelated" to the latter. *M.P. III*, 439 F.3d at 868. Consequently, the Court excludes hours spent on the IDEA claim from the fee award. *See Hensley*, 461 U.S. at 440. The hours excluded include those incurred in proceedings before the Minnesota Department of Children, Families and Learning. The Court cannot discern from the billing records submitted by Plaintiff's counsel how many hours were devoted to the IDEA claim from April 9, 2001, to July 3, 2003. Under these circumstances, the Court excludes half of the hours incurred in the proceedings that yielded *M.P. I* and *M.P. II*. *See Hensley*, 461 U.S. at 437 n.12; *Warnock*, 397 F.3d at 1026-27. The Court also excludes hours devoted to Plaintiff's petition for rehearing and rehearing en banc in *M.P. II*. These exclusions leave approximately 833 hours, which amount to $183,364.50 at a rate of $220 per hour. The Court turns to whether this amount is reasonable in relation to the results obtained. *See Hensley*, 461 U.S. at 440.

In the Complaint, Plaintiff's prayer for relief included a request for "compensatory and punitive damages . . . in excess of $300,000.00." In a Rule 26(f) Report filed after *M.P. II*, when only the Rehabilitation Act claim against the District remained, Plaintiff sought $500,000 in compensatory damages. As noted above, the jury awarded $84,675 in damages. Though substantial, the damage award reflects that Plaintiff's success was limited. Mindful that the damage award does not fully reflect the benefit derived from this litigation, *see Barton*, 223 F.3d at 773, the Court concludes that a further reduction in the amount of twenty percent is warranted under the circumstances of this case to reflect the partial success on the Rehabilitation Act claim. This reduction yields $146,691.60 in reasonable attorney fees.

In addition to fees based on hours devoted to the litigation, Plaintiff seeks to recover various expenses, including those for mediation and travel. The Court denies the former. *See Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (per curiam). The latter

encompasses airfare and hotel expenses associated with the second appeal. A fee award can include travel expenses associated with an attorney's appearance before the Eighth Circuit. *Warnock*, 397 F.3d at 1027. Here, the amount request for airfare is reasonable, but the amount requested for the hotel is excessive. The Court reduces the hotel charge by approximately fifty percent. *Cf. Winter v. Cerro Gordo County Conservation Bd.*, 925 F.2d 1069, 1074 (8th Cir. 1991) (affirming district court's denial of travel expenses). Accordingly, the Court awards $450 to Plaintiff for counsel's travel expenses associated with the second appeal.

Plaintiff also seeks to recover expert fees. In support, Plaintiff asserts that the Rehabilitation Act incorporates the remedies and procedures of Title VII of the Civil Rights Act of 1964 and that Title VII permits an award of expert fees. The Court rejects Plaintiff's argument. The Rehabilitation Act incorporates Title VII's "remedies, procedures, and rights" in employment actions brought under section 501 of the Rehabilitation Act. 29 U.S.C. § 794a(a)(1). Plaintiff brought this action under section 504 of the Rehabilitation Act. The Rehabilitation Act incorporates the "remedies, procedures, and rights" of Title VI in cases brought under section 504 of the Rehabilitation Act. *Id.* § 794a(a)(2); *Barnes v. Gorman*, 536 U.S. 181, 185 (2002). A Title VI plaintiff can recover attorney fees, but not expert fees, under 42 U.S.C. § 1988(b)-(c) (2000). Moreover, the Rehabilitation Act does not state that expert fees are available as part of an award of attorney fees. 29 U.S.C. § 794a(b). Accordingly, the Court denies the request for expert fees.

Plaintiff describes the remainder of the expenses sought as follows: filing fees; courier; transcripts; printing and binding of appellate briefs; copying; mileage reimbursement; and witness and mileage fees. Plaintiff may attempt to recover these expenses by submitting a bill of costs in accord with this District's practice.

In short, the Court awards reasonable attorney fees to Plaintiff in the amount of $147,141.60. Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff's motion for fees and expenses [Docket No. 119] is GRANTED IN PART and DENIED IN PART.

2. The District shall pay Plaintiff $147,141.60.

Dated: March 16, 2007

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge